(No. 49857.—

EDWARD E. BLUTHARDT *et al.*, Appellees, v. PEG McDONNELL BRESLIN *et al.*—(Peg McDonnell Breslin, Appellant.)

*Opinion filed January 12, 1979.*

Giffin, Winning, Lindner, Newkirk, Cohen & Bodewes, of Springfield (Herman G. Bodewes and John R. Keith, of counsel), for appellant.

Andrew M. Raucci, of Chicago, for appellees.

Lee J. Schwartz, of Chicago (David A. Epstein, Thomas Scheuneman, Michael Pollak, and Ronald Nelson, of counsel), for *amici curiae* William A. Redmond, Speaker of the House, Thomas C. Hynes, President of the Senate, George H. Ryan, House Minority Leader, and David C. Shapiro, Senate Minority Leader.

MR. JUSTICE MORAN delivered the opinion of the court:

This is a direct appeal from an order of the circuit court of Sangamon County, entered on August 12, 1977. The trial court, relying on this court's decision in *People ex rel. Rudman v. Rini* (1976), 64 Ill. 2d 321, declared unconstitutional those portions of section 25–6 of the Election Code which provide the method of appointment to fill vacancies in the General Assembly (Ill. Rev. Stat. 1975, ch. 46, par. 25–6). The trial court also decreed that

the appointment of Peg McDonnell Breslin (defendant), as a member of the Illinois House of Representatives of the 80th General Assembly, was invalid and enjoined her from acting as a member. On September 14, 1977, this court stayed the enforcement of the judgment order.

On November 2, 1976, defendant was elected to a two-year term to represent the 38th legislative district in the Illinois House of Representatives. On November 29, 1976, a resident and legal voter of the 38th legislative district filed a challenge, claiming that defendant had not been a resident of the legislative district for two years prior to the election. After committee hearings and debate on the floor of the House of Representatives, the House, on June 30, 1977, voted to unseat defendant. The motion to unseat defendant and to declare vacant the seat to which defendant had been elected was passed by a roll call vote of 91-75, with five members voting present. A report, adopted by the House, found that defendant had been a resident of the city of Chicago from October 5, 1970, through December 1975, that she did not reside in the 38th legislative district prior to December 1975, and that she did not, therefore, meet the two-year residency requirement mandated by the 1970 Illinois Constitution (Ill. Const. 1970, art. IV, sec. 2(c)).

Pursuant to section 25—6 of the Election Code, the vacancy created by defendant's ouster was to be filled "within 30 days by appointment of the representative committee of that legislative district of the political party of which the incumbent was a candidate at the time of [her] election." (Ill. Rev. Stat. 1975, ch. 46, par. 25—6(b).) The section also provides that the appointee shall be a member of the same political party as the former incumbent and shall be "otherwise eligible to serve as a member of the General Assembly." (Ill. Rev. Stat. 1975, ch. 46, par. 25—6(b).) On the same day that the House voted to unseat defendant, the five-member Legislative

Committee of the 38th legislative district appointed defendant to fill the vacancy. By the following day (July 1, 1977), defendant had taken the oath of office and assumed the duties and responsibilities of a member of the 80th General Assembly. Consequently, defendant, who had served in an elective capacity from January 12, 1977, until June 30, 1977, continued to serve as a representative, but as of July 1, 1977, in an appointive capacity.

Shortly thereafter, Edward E. Bluthardt, Philip W. Collins, and Richard A. Mugalian (plaintiffs in the instant action) filed with the clerk of the House of Representatives a challenge to defendant's qualifications to serve as an appointed member. Each challenger was a member of the House of Representatives and served on the House Committee on Elections. The House took no action on the challenge prior to July 18, 1977, when plaintiffs filed the instant complaint for declaratory judgment and injunctive relief.

The action was brought in three counts. Count I sought a declaratory judgment, against defendant and the five members of the Legislative Committee which appointed her, to have the court determine whether defendant was a validly appointed member of the House of Representatives. Count II sought to enjoin defendant from purporting to act as a member of the House of Representatives. Count III sought to enjoin the State Comptroller and State Treasurer from facilitating the payment of defendant's salary and from honoring vouchers submitted by her. The trial court dismissed the action in count III for failing to comply with statutory procedures regarding suits to enjoin the disbursement of State funds (Ill. Rev. Stat. 1975, ch. 102, par. 11 *et seq.*).

In requesting declaratory and injunctive relief in counts I and II, plaintiffs did not seek to have section 25—6 of the Election Code declared unconstitutional. On its own initiative, the trial court requested briefs on the

validity of the statutory method of appointment. Both defendant and the plaintiffs argued that the issue was not before the court. The trial court, nevertheless, found the statutory method of appointment unconstitutional, and the appointment of defendant made pursuant thereto invalid. In so finding, the trial court recognized that the last valid action taken with regard to defendant's seat in the 80th General Assembly was the June 30, 1977, vote to unseat her. Consequently, the trial court granted plaintiffs' motion for summary judgment and entered a judgment order which decreed that defendant had not been a member of the 80th General Assembly since June 30, 1977, and ordered that defendant was enjoined from acting, under color of an unconstitutional appointment, as a member of the 80th General Assembly.

During oral argument, counsel for defendant conceded the possibility that the case might become moot before this court had an opportunity to decide the appeal on its merits. A case can become moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief to either party. (*La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379-80; *Chicago City Bank & Trust Co. v. Board of Education* (1944), 386 Ill. 508, 520.) A reviewing court can, of course, take judicial notice of such events or facts which, while not appearing in the record, disclose that an actual controversy no longer exists between the adverse parties. *Central States Import & Export Corp. v. Liquor Control Com.* (1950), 405 Ill. 58, 59-60.

We take judicial notice that on November 7, 1978, defendant was again elected to a two-year term to represent the 38th legislative district in the Illinois House of Representatives. On January 10, 1979, the 81st General Assembly convened and defendant began her term as an elected official in the 81st General Assembly. In this case,

the declaratory and injunctive relief granted by the trial court extended only to defendant's appointment to serve as a member of the now dissolved 80th General Assembly. It is clear that a review by this court of the relief granted could no longer effect a result respecting the 80th General Assembly and could not prevent defendant from serving in an elective capacity in the 81st General Assembly. The parties do not assert, and we find no reason to presume, that defendant's qualifications will be challenged again or that any future controversy relating to section 25—6 will involve defendant. No continuing or recurring controversy exists between the adverse parties for which a judicial decision would be of consequence. If it becomes apparent that an opinion on a question of law cannot affect the result as to the parties or controversy in the case before it, the court should not resolve the question merely for the sake of setting a precedent to govern potential future cases. *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379; *Tuttle v. Gunderson* (1930), 341 Ill. 36, 45-46.

The controversy having become moot between the parties, we hereby vacate the judgment order of the circuit court of Sangamon County and remand the cause, with directions to dismiss the complaint.

*Vacated and remanded,*
*with directions.*