(No. 57431.—)

THE PEOPLE *ex rel.* BRUCE W. BLACK, State's Attorney, Appellant, v. DENZIL L. DUKES, Appellee.

*Opinion filed May 18, 1983.*

G. Edward Orr, of Pekin, for appellant.

Knuppel, Grosboll, Becker & Tice, of Petersburg (Homer J. Tice, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

The State's Attorney for Tazewell County petitioned the circuit court for that county for a writ of *quo warranto* holding that it was illegal for the defendant, Denzil L. Dukes, to hold simultaneously the offices of trustee of the South Pekin village board of trustees and member of the South Pekin Grade School board of education. The amended complaint alleged that on April 8, 1978, Mr. Dukes was elected to fill an unexpired term on the school board; on July 10, 1978, he was appointed to the

village board; on April 10, 1979, he was reelected to a four-year term on the village board; and on April 14, 1979, he was reelected to a three-year term on the school board. The complaint further alleged that because the village and school board were given authority by the Constitution (Ill. Const. 1970, art. VII, sec. 10(a)) to contract with each other and the village board was authorized by statute (Ill. Rev. Stat. 1979, ch. 85, par. 611 *et seq.*) to grant financial assistance to the school district, simultaneous membership on both boards is inconsistent and legally incompatible. The *quo warranto* petition recited that because Mr. Dukes was serving as a member of the village board when elected to the school board on April 14, 1979, he is to be treated in law as having resigned from the village board at that time and prayed for a judgment of ouster against Mr. Dukes from his membership on the village board. Mr. Dukes, for his part, sought to remain on both boards. As far as the record discloses, neither the State nor Mr. Dukes ever sought any other form of relief.

On June 25, 1981, the circuit court allowed the petitioner's motion for summary judgment and entered a judgment declaring that by his election to the school board on April 14, 1979, Mr. Dukes had *ipso facto* resigned as a member of the board of trustees of the village. Mr. Dukes appealed from this summary judgment and declaratory judgment order, and on September 7, 1982, the appellate court filed an opinion, with one judge dissenting, reversing the judgment of the circuit court (108 Ill. App. 3d 965).

The State's Attorney filed a petition for leave to appeal which this court allowed. He filed no further briefs in this court and did not appear for oral argument when this appeal was heard by this court on April 7, 1983. The defendant, Mr. Dukes, filed an answer to the petition for leave to appeal and a brief and argument in this court,

and his attorney was present when the case was called for oral argument.

It now appears that Mr. Dukes submitted his resignation as a member of the village board on September 6, 1982, and the resignation was accepted by the village board on the same date. The record does not show whether this resignation was ever called to the attention of the appellate court, although the resignation was effective the day before the opinion of the appellate court was filed.

Mr. Dukes now holds office only as a member of the school board, and that was his status when the appellate court reached its decision. The State did not contend that Mr. Dukes had forfeited this office by operation of law, but rather alleged that he had forfeited his position of village trustee, the office which he resigned. As a result, there remains no present controversy between the State and Mr. Dukes for which a pronouncement by either this court or the appellate court could provide a remedy. The issues raised by the parties are therefore moot, and the cause should have been dismissed without opinion by the appellate court had it known of Mr. Dukes' resignation. We do so now.

The courts of this State should not decide a case where "[a]ny judgment [they] could render would be ' "wholly ineffectual for want of a subject matter on which it could operate" ' " (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235, quoting *Brownlow v. Schwartz* (1923), 261 U.S. 216, 217, 67 L. Ed. 620, 621, 43 S. Ct. 263, 264) and could have advisory effect only. This is true even where leave to appeal has been granted after the cause became moot. (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 236.) A principal reason for this well-established rule of justiciability is the fear that the parties to a dispute which for practical purposes has ceased to exist will lack the "personal stake in the out-

come of the controversy [which serves] to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult \*\*\* questions" (*Baker v. Carr* (1962), 369 U.S. 186, 204, 7 L. Ed. 2d 663, 678, 82 S. Ct. 691, 703; see *County of Los Angeles v. Davis* (1979), 440 U.S. 625, 59 L. Ed. 2d 642, 99 S. Ct. 1379; *DeFunis v. Odegaard* (1974), 416 U.S. 312, 40 L. Ed. 2d 164, 94 S. Ct. 1704) and the desire to avoid binding later courts which may be better informed on the legal issue to a precedent announced by an earlier court with less reliable information. See generally Brilmayer, *The Jurisprudence of Article III: Perspectives on the "Case or Controversy" Requirement*, 93 Harv. L. Rev. 297 (1979).

This court is no longer faced with the simultaneous holding of two offices which might involve a conflict of loyalty, nor with the continued holding by Mr. Dukes of an office which the State has charged he has earlier forfeited by operation of law. The parties in this appeal stand to gain, at most, "a precedent or guide [to] future litigation" (*Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235, citing authorities), which our courts are not at liberty to give.

While we observed in *Madison Park Bank* that Illinois courts have occasionally made exceptions to the mootness doctrine in cases where the magnitude or immediacy of the interests involved warranted action by the court (*People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618; *Environmental Protection Agency v. Pollution Control Board* (1980), 88 Ill. App. 3d 71) or where the issues were likely to recur but unlikely to last long enough to allow appellate review to take place because of the intrinsically short-lived nature of the controversies in which they could arise (*August H. Skoglund Co. v. Department of Transportation* (1978), 67 Ill. App. 3d 276; see *Sosna v. Iowa* (1975), 419 U.S. 393, 399-400, 42

L. Ed. 2d 532, 540-41, 95 S. Ct. 553, 557 (one-year residency requirement)), we find nothing in this case to justify making such an exception here. Mr. Dukes has not attempted to reassert a claim to a position on the village board since he resigned from it, nor has South Pekin or any other village or municipality made any claim to us that seats on its village or school boards would go unfilled for want of qualified candidates should this appeal not be decided. There is no reason to fear that other cases presenting the issue at bar here would become moot before reaching this court. We cannot assume or speculate that all people who are sued to enjoin their simultaneous holding of positions on a village and a school board will resign from one of those positions before resolution of the lawsuit, as Mr. Dukes has done.

We therefore dismiss the cause as moot. To prevent the appellate court's resolution of the issues presented to it from standing as precedent for future cases, we vacate the judgments of both the appellate and circuit courts without comment on the merits. *Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231; *People ex rel. Newdelman v. Weaver* (1972), 50 Ill. 2d 237; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375.

*Judgments vacated;*
*cause dismissed.*