(No. 62241.—

GEORGE W. KENNEDY CONSTRUCTION COMPANY, INC., Appellant, v. THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed April 4, 1986.*

Gary A. Weintraub, of Jann, Carroll, Sain & Epstein, Ltd., of Chicago, for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Mary K. Rochford and Maureen Kelly Ivory, of counsel), for appellees City of Chicago and William Spicer.

O'Brien, O'Rourke, Hogan & McNulty, of Chicago (John C. O'Rourke, Jr., and Michael Gilman, of counsel), for appellees Reliable Contracting & Equipment Co. and Abbott Contractors, Inc.

JUSTICE MORAN delivered the opinion of the court:

Plaintiff, George W. Kennedy Construction Company, Inc., an Illinois corporation (plaintiff), filed a four-count complaint in the circuit court of Cook County against the following defendants: the city of Chicago, a municipal corporation (city); William Spicer, purchasing agent for the city of Chicago (Spicer); Reliable Contracting and Equipment Company, an Illinois corporation (Reliable); and Abbott Contractors, Inc., an Illinois corporation (Abbott).

Count I sought a declaratory judgment finding that

plaintiff was the lowest responsible bidder on a construction project known as the 48-inch Mayfair-O'Hare Reinforcement Water Main (48-inch project); a further finding that the bid jointly submitted by Reliable and Abbott was improper and void; and an order directing the city and Spicer to accept plaintiff's bid. Count II sought a temporary restraining order as well as preliminary and permanent injunctive relief against the city and Spicer prohibiting them from awarding the contract on the 48-inch project to any bidder other than plaintiff and, further, prohibiting the city and Spicer from allowing any bidder other than plaintiff to proceed with work on the project. Count II also sought a permanent mandatory injunction ordering the city and Spicer to award the contract on the 48-inch project to plaintiff and to permit it to begin work. Count III of the complaint sought a writ of *mandamus* against the city and Spicer directing them to award the disputed contract to plaintiff and to permit work to commence. Count IV sought a writ of *certiorari* under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, pars. 3—101 through 3—112) to review the award of the 48-inch contract to Reliable and Abbott and for an order reversing that award.

The circuit court entered a temporary restraining order and scheduled a hearing on plaintiff's motion for preliminary and permanent injunctive relief. Prior to this hearing, plaintiff filed a motion for summary judgment. All defendants filed cross-motions for summary judgment.

After a full hearing, the court entered an order dissolving the temporary restraining order, denying plaintiff preliminary and permanent injunctive relief, denying plaintiff's motion for summary judgment, and granting defendants' cross-motions for summary judgment. The court found that plaintiff's bid was unresponsive because the necessary authorizing signature of its president,

George W. Kennedy, did not appear on the corporate bid-execution page of plaintiff's bid proposal at the time it was submitted but was affixed five days after the bid was opened. The court denied plaintiff's motion to stay its order pending appeal.

Plaintiff filed an immediate notice of appeal, along with motions for an expedited appeal and a stay of the circuit court's order pending appeal. The appellate court granted the motion for an expedited appeal but denied the motion for a stay. Subsequently, a majority of the appellate court affirmed, finding that plaintiff's failure to execute its bid when submitted constituted a material variance which could not be cured and which rendered the bid unresponsive. (135 Ill. App. 3d 306, 314.) We allowed plaintiff's petition to appeal.

Defendant Spicer, on behalf of the defendant city, advertised for bids on two water-main projects, one of which was the 48-inch project here in dispute. The other project, known as the 60-inch Mayfair-O'Hare Reinforcement Water Main, was awarded to plaintiff, who was found to have submitted the lowest, properly executed bid. Bids for both projects were to be submitted by January 11, 1985, and were opened on that date. Among various requirements, the advertisement indicated that all bids were to be executed in triplicate. When the bids were opened, plaintiff was the apparent low bidder on the 48-inch project with a bid approximately $182,000 lower than the next lowest bid. However, at the time the bid was opened, it was noted that the necessary authorizing signature on the corporate bid-execution page was missing.

The bid-execution page contains a declaration by the bidder that the information provided is current, that all ownership interests are disclosed, and that no collusive agreements have been entered into. The noncollusive declaration provides:

"[T]he undersigned being duly sworn deposes and says on oath that the [c]orporation *** has not entered into any agreement with any other bidder or prospective bidder or with any other person, firm or corporation relating to the price named in said proposal or any other proposal, nor any agreement or arrangement under which any person, firm or corporation is to refrain from bidding, nor any agreement or arrangement for any act or omission in restraint of free competition among bidders and has not disclosed to any person, firm or corporation the terms of said bid or the price named herein."

This declaration is included in all bid proposals pursuant to statute which provides in pertinent part:

"Any agreement or collusion among bidders or prospective bidders in restraint of freedom of competition by agreement to bid a fixed price, or otherwise, shall render the bids of such bidders void. *Each bidder shall accompany his bid with a sworn statement, or otherwise swear or affirm, that he has not been a party to any such agreement.* ***" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 24, par. 8—10—8.)

The bid-execution page submitted by a corporate bidder further provides:

"In the event that this bid is executed by other than the President, attach hereto a certified copy of that section of the Corporate By-Laws or other authorization by the Corporation which permits the person to *execute the offer for the corporation.*" (Emphasis added.)

Plaintiff's bid-execution page, as submitted, contained the signature of its secretary attesting to the executing signature given on behalf of the corporation. However, neither the president's signature nor any other authorized signature, as required by the above provision, appeared on this page at the time the bid was submitted.

Five days after the bids were opened, on January 16, 1985, an employee of the city's purchasing department asked plaintiff's president to supply the missing signature. The signature was given. Upon review of the bid

by the city's purchasing department and legal department, plaintiff was notified that its bid was unresponsive because it was unexecuted at the time of submission. Thereafter, on February 28, 1985, the city awarded the contract on the 48-inch project to the next lowest bidder, defendants Reliable and Abbott, and so notified the plaintiff. Reliable and Abbott began work on the 48-inch project, completing it in November 1985. Because the disputed project has been completed, we must determine whether or not this case is moot.

It is well established that a reviewing court will dismiss a pending appeal where the court has notice of facts making it impossible to grant effective relief to either party. (*People v. Lynn* (1984), 102 Ill. 2d 267, 272; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251.) Courts resolve live controversies by rendering appropriate relief after reaching a decision, on the merits, of the issues raised. Where a decision reached on the merits cannot eventuate in appropriate relief to the prevailing party, the court, in effect, has issued an advisory opinion. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276-77.) The courts of Illinois do not issue advisory opinions to guide future litigation, and this court has adhered to this rule with few exceptions. *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233-34; *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 276-77; *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 250-51.

Applying these principles to the instant matter, it is apparent that this case is moot. Plaintiff's four-count complaint sought only equitable relief. Assuming that plaintiff was entitled to such remedies, the fact that the 48-inch project has been completed makes it impossible for this court to grant the relief sought.

We recognize, of course, that there are limited exceptions to the mootness doctrine which permit a decision on the merits of the issues presented even though no

remedy is available to the prevailing party. (*People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 277-78; *Madison Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235-36.) In the leading case, *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 642, 73 S. Ct. 24, this court reached the question of whether or not parents can prevent their infant from receiving a necessary blood transfusion even though the infant had received the transfusion, had been released from the hospital, and had returned to her parents' custody, and even though the case had been dismissed by the circuit court. This court reached the substantive question because of the public interest in its resolution, because of the need for prompt action to guide resolution of future similar cases, and because of the likelihood that the same question would recur. (411 Ill. 618, 622-23.) Our review of the record indicates that the instant case does not fall within these limited exceptions to the mootness doctrine.

Plaintiff responds to the issue of mootness by raising, as a remedy, damages equivalent to its expenses in preparing its bid. We note, however, that plaintiff's first and only attempt to recover its bid-preparation expenses as damages was made in its reply brief to this court.

It is axiomatic that questions not raised in the trial court cannot be raised for the first time on appeal and are deemed waived. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500; *Shell Oil Co. v. Department of Revenue* (1983), 95 Ill. 2d 541, 550.) On appeal, plaintiff cannot assert recovery of preparation expenses as a viable, available remedy in order to circumvent dismissal of its appeal as moot. Plaintiff's failure to seek damages for bid-preparation expenses in its complaint precludes this court from awarding such damages even if we were to find for plaintiff on the merits.

78

For the reasons stated herein, we dismiss this appeal as moot. Because we have not reached the merits of the questions presented, we are unable to pass on the correctness of the judgments rendered by the circuit and appellate courts in this case. We therefore vacate the judgments of the circuit court of Cook County and the appellate court without expressing any view on the merits of those actions. *First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 236; *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 382.

*Judgments vacated; case dismissed.*