(No. 64865.—
(No. 64991.—

*In re* MARRIAGE OF JOY LANDFIELD, Appellee, and GEORGE S. LANDFIELD, Appellant.

*Opinion filed October 5, 1987.*

CUNNINGHAM, J., took no part.

Alex Elson, Robert R. Tepper, Karla B. Goldman and Deborah A. Lust, of Rosenthal & Schanfield, of Chicago, for appellant.

Barry A. Schatz, of Kalcheim, Schatz & Berger, and Barth H. Goldberg, of Goldberg & Goldberg, all of Chicago, for appellee.

Davis, Friedman, Zavett, Kane & MacRae, of Chicago (Errol Zavett, of counsel), for *amicus curiae* Illinois Chapter of the American Academy of Matrimonial Lawyers.

JUSTICE MORAN delivered the opinion of the court:

The petitioner, Joy Landfield, filed this action in the circuit court of Cook County in 1978 seeking a judgment of legal separation or in the alternative a judgment of dissolution of marriage. A hearing was held before Judge Henry Gentile in 1981, but Judge Gentile was murdered in his courtroom in connection with another domestic relations action before he was able to rule on this matter. A second hearing was held before Judge Daniel J. Ryan in 1984. Judge Ryan also died before rendering a decision in this case.

On October 10, 1986, respondent, George S. Landfield, filed a motion for a supervisory order in this court requesting that we direct the circuit court to expedite

disposition of this case. Thereafter, this court entered a supervisory order directing Judge Harry Comerford, the chief judge of the circuit court of Cook County, to expedite a resolution of this matter. Judge Comerford then assigned the matter to Judge Julia Nowicki, who immediately scheduled a pretrial conference. After the pretrial conference, the petitioner filed a motion seeking, among other relief, prospective attorney fees. After a hearing that concluded on January 27, 1987, the trial judge orally announced an order which provided that respondent pay prospective temporary attorney fees of $31,250 on or before February 6, 1987. This order was later reduced to a written order on February 10, 1987, which directed respondent to pay the fees on or before February 11, 1987. Respondent filed a notice of appeal from that order on February 10, 1987.

Thereafter, on March 4, 1987, petitioner filed a petition for a rule to show cause why respondent should not be held in contempt for his failure to pay the prospective fees as ordered by the court. On March 6, 1987, the circuit court found the respondent in contempt for his wilful failure and refusal to pay petitioner's prospective attorney fees in accordance with the February 10 order and ordered him to be incarcerated if the fees were not paid by 5 p.m. on March 9, 1987. Upon entry of the contempt order, respondent filed a notice of appeal. The circuit court stayed its contempt order of March 6 pending appeal.

In cause No. 64865, this court allowed respondent's motion for a direct appeal from the circuit court's order of February 10 directing him to pay prospective attorney fees. (103 Ill. 2d R. 302(b).) In cause No. 64991, we allowed respondent's motion for a direct appeal from the circuit court's order holding him in contempt and consolidated the causes for purposes of review.

In cause No. 64865, respondent raises two issues for review: (1) whether section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 508) authorizes the circuit court to order payment of temporary attorney fees for services which have not yet been rendered; and (2) if so, whether the circuit court abused its discretion in ordering such payment in this case.

Counsel for respondent informed this court that the trial court has concluded hearing evidence. Consequently, the services for which petitioner sought advance payment have already been rendered. Counsel for respondent further informed this court that Judge Nowicki has indicated she will schedule a hearing concerning attorney fees after she rules on the merits and that the parties are currently engaged in discovery in connection with that hearing.

Given the procedural posture of this matter, a decision by this court on the question of whether the trial court was empowered to order payment for prospective attorney fees cannot affect the interests of the parties before us. Nor would any decision afford effective relief to any party to the judgment. "A case can become moot when, pending the decision on appeal, events occur which render it impossible for the reviewing court to grant effectual relief to either party." (*Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 250; see also *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379-80.) "If it becomes apparent that an opinion on a question of law cannot affect the result as to the parties or controversy in the case before it, the court should not resolve the question merely for the sake of setting a precedent to govern potential future cases." *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251; see also *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 379.

The issues before this court in cause No. 64865 have become moot. Accordingly, the appeal is dismissed and the cause is remanded to the circuit court of Cook County for further proceedings with directions to further expedite disposition of this case.

Cause No. 64991 has been neither briefed nor argued in this court by either party. Accordingly, we express no opinion as to the circuit court's order finding respondent in contempt and the cause is remanded to the circuit court of Cook County for further proceedings.

> *64865 — Appeal dismissed; cause*
> *remanded with directions.*
> *64991 — Cause remanded.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.