THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
LARRY D. ZOOK, Defendant-Appellee.

Fourth District    No. 4—88—0378

Opinion filed December 7, 1988.

Tony Lee, State's Attorney, of Paxton (Kenneth R. Boyle, Robert J.
Biderman, and Michael K. Blazicek, all of State's Attorneys Appellate Pros-
ecutor's Office, of counsel), for the People.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's
Office, of Springfield, for appellee.

JUSTICE GREEN delivered the opinion of the court:

We are confronted here with the question of whether an order dis-
missing an information after a preliminary hearing for lack of proba-
ble cause may be appealed by the State. Although the answer is not
entirely clear, we conclude such an order is not appealable.

On May 2, 1988, an information was filed in the circuit court of
Ford County charging defendant Larry D. Zook with the offense of
aggravated battery (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6)). On
May 11, 1988, a preliminary hearing was held and a finding was made
that no probable cause existed. Although the record is not entirely
clear, the information was then apparently dismissed. On May 26,
1988, the State filed a notice of appeal from that order. The defend-
ant maintains the order is not appealable. As we have indicated, we

agree and dismiss the appeal.

By the terms of section 6 of article VI of the Illinois Constitution of 1970: (1) with minor exceptions not applicable here, an appellate court has jurisdiction of appeals from "final judgments of a Circuit Court" which do not amount to an "acquittal"; and (2) "[t]he Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." (Ill. Const. 1970, art. VI, §6.) An order of dismissal for lack of probable cause is not an acquittal and is not final, as the State may later indict the accused or submit a new information. (*People v. Kent* (1972), 54 Ill. 2d 161, 295 N.E.2d 710; *People v. Overstreet* (1978), 64 Ill. App. 3d 287, 381 N.E.2d 305.) Pursuant to the supreme court's authority to provide for appeal from "other than final judgments" by the State in criminal cases, that court enacted Supreme Court Rule 604(a)(1). (43 Ill. 2d R. 604(a)(1); see *People v. Taylor* (1971), 50 Ill. 2d 136, 140, 277 N.E.2d 878, 881.) Rule 604(a)(1) is the only such rule providing for appeals by the State. Thus, the interpretation given to that rule determines the appealability of the instant order.

Supreme Court Rule 604(a)(1) states:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment *the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963*; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (Emphasis added.) (107 Ill. 2d R. 604(a)(1).)

The italicized portions of the foregoing are the provisions we must consider here. Section 114—1 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 114—1) does not now make and never has made any reference to an order or judgment dismissing a charge for failure of the State to make a showing of probable cause at a preliminary hearing. Thus, the order from which appeal is sought here does not come within the express provisions of Rule 604(a)(1). However, as the State points out, the provisions of the rule being considered here have been given a broader interpretation than its wording would indicate.

In *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819, the supreme court held that a judgment dismissing, on defendant's motion, a criminal charge on the grounds that the accused had been denied his constitutional right to a speedy trial was appealable under Rule 604(a)(1), even though such a motion was not listed in section 114—1

of the Code. The court noted section 114—1 did have a provision concerning motions to dismiss a charge for violations of an accused's *statutory* right to a speedy trial. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5.) The court then explained that, in enacting Rule 604(a)(1), the supreme court intended to allow not only appeals from section 114—1 orders but also intended that the State "[retain] the right to appeal in any other case of a judgment the substantive effect of which resulted in the dismissal of the indictment." *Love*, 39 Ill. 2d at 439, 235 N.E.2d at 822.

In *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, State's appeals were taken to this court from orders of the circuit court of Macon County dismissing indictments on grounds the accuseds' due process rights had been violated because of preindictment delay, grounds not set forth in section 114—1 of the Code. No contention was made that the orders were not appealable, but the State contended in this court and in the supreme court that the trial court had no power to dismiss the charges because its power to do so was limited to the grounds for dismissal set forth in section 114—1 of the Code.

The supreme court disagreed, reasoning that its holding in *Love* indicated the circuit court's power to dismiss criminal charges was not limited to motions grounded upon the express terms of section 114—1 of the Code. The court in *Lawson* repeated language of *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 198, 282 N.E.2d 484, 485-86, which cited *Love*, and stated that the intent of Rule 604(a) " 'was *not to reduce* the State's Attorney's right of appeal [from a dismissal] to only the ten grounds set forth in the statute *** but to include within that right those instances whereby the substantive effect of the judgment would be the dismissal of the indictment, information or complaint.' " (Emphasis in original.) *Lawson*, 67 Ill. 2d at 455, 367 N.E.2d at 1247.

We cannot dispute the State's contention that the "substantive effect" of the order from which appeal is sought here "is the dismissal of the *** information." We recognize the problem confronting the State in a small county such as Ford in having to await the call of a grand jury to pursue its contention the circuit court erred in interpreting the law in making its determination that no probable cause existed. Nevertheless, we cannot agree the supreme court intended, in enacting Rule 604(a)(1), to make the dismissal of a charge for failure to show probable cause to be an appealable order nor do we deem the present policy of that court to indicate such an interpretation should be placed on Rule 604(a)(1).

The theory that appeals from orders having the "substantive ef-

fect of dismissing" a charge were appealable under Rule 604(a)(1), even though not based upon grounds set forth in section 114—1 of the Code, was first pronounced by the supreme court in *Love* in 1968. The court subsequently held in *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878, that an order suppressing evidence in a preliminary hearing was appealable under Rule 604(a)(1) and, if not appealed, was binding upon the State throughout the case. Later that year, in *Kent*, the court held that a determination in a preliminary hearing that no probable cause existed did not prevent the State from subsequently bringing the same charge before a grand jury and obtaining an indictment. In explaining the finding of no probable cause was not permanently binding on the State, the court stated: "We know of no Illinois authority, however, which holds that an order releasing an accused for want of probable cause is appealable, or that it is in any way conclusive upon the prosecution." *Kent*, 54 Ill. 2d at 164, 295 N.E.2d at 712.

If the "order releasing [the] accused for want of probable cause" were appealable under Rule 604(a)(1), under the precedent of *Taylor*, the determination would be binding throughout the case if no appeal was taken. Thus, *Kent* is direct precedent that an order dismissing an information for lack of probable cause is not appealable under Rule 604(a)(1). (See also *People v. Quintana* (1967), 36 Ill. 2d 369, 223 N.E.2d 161.) If such an order were appealable, the State could never seek an indictment after a finding of no probable cause without taking an appeal. In the process, an undesirable number of interlocutory appeals would likely be generated.

The courts of review of this State have struggled to determine a procedure to limit to reasonable proportions the number of appeals generated by the provisions of Rule 604(a)(1) which permit appeals from orders "suppressing evidence." (107 Ill. 2d R. 604(a)(1).) That problem was solved by the decision in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, which required the State to support an appeal from an order suppressing evidence with a certificate showing the suppression sufficiently impaired the State's case. That helpful policy of limitation of Rule 604(a)(1) appeals indicates that further expansion of the grounds for appealing from orders dismissing charges is not now intended.

For the reasons stated, the appeal is dismissed for want of an appealable order.

Appeal dismissed.

LUND and SPITZ, JJ., concur.