THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRIAN HEIM, Defendant-Appellee.

Second District   No. 2—88—0859

Opinion filed May 9, 1989.

J. Christopher Moore and Mary Jo Hunt, State's Attorneys, of Galena (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE NASH delivered the opinion of the court:

The defendant, Brian Heim, was charged with attempted burglary (Ill. Rev. Stat. 1987, ch. 38, pars. 8—4(a), 19—1(a)), by an information, and he was released on a personal recognizance bond which set bail at $5,000. The State petitioned for revocation of the recognizance bond and sought the imposition of a cash bond, pursuant to section 110—6(f) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 110—6(f)), following certain threatening acts allegedly committed by the defendant. At the revocation hearing, the trial court required the State to establish its case by clear and convincing evidence and denied the State's petition. The court did, however, add conditions to the defendant's personal recognizance bond.

The State seeks to bring this interlocutory appeal from the denial of its petition pursuant to sections 110—2 and 110—6(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, pars. 110—2, 110—6(f)), contending that the trial court applied the wrong standard of proof at the revocation hearing.

The defendant contends, *inter alia*, that the State is not authorized to appeal bail determinations and argues that the legislation purporting to grant such authority to the State is unconstitutional as a violation of the separation of powers clause of the Illinois Constitution.

After the appellate briefs of the State and defendant had been filed, the State filed a notice of mootness of appeal stating: "[S]ince the briefing of this cause the underlying charge against the defendant has been dismissed and \*\*\* the defendant has instead entered a plea of guilty to a later filed different charge." The State thus advises that there no longer exists a controversy between the parties, in this case, with respect to the trial court's bond determination and, therefore, the appeal has been rendered moot. The State suggests, however, that the constitutional issue presented herein "may present a matter capable of repetition, yet evading review," thus justifying this court's consideration of the appeal.

■ We agree that the matter appears to be moot as the original charge against the defendant has been dismissed and the disputed bail determination is no longer applicable in this case. It is well established that when a case is rendered moot, the court's decision on the merits cannot result in relief to either party and any decision thus reached is essentially an advisory opinion. (See *In re Marriage of Landfield* (1987), 118 Ill. 2d 229, 232, 514 N.E.2d 1005, 1006; *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 76, 491 N.E.2d 1160, 1162.) Illinois courts do not issue advisory opinions (*Kennedy*, 112 Ill. 2d at 76, 491 N.E.2d at 1162), and " 'the court should not resolve the question merely for the sake of setting a precedent to govern potential future cases' " (*Landfield*, 118 Ill. 2d at 232, 514 N.E.2d at 1006, quoting *Bluthardt v. Breslin* (1979), 74 Ill. 2d 246, 251, 384 N.E.2d 1309, 1311).

Despite the strong policy against considering moot cases, a limited exception is recognized where the magnitude or immediacy of the interest implicated nevertheless warrants the court's consideration of the issues presented. (See *People ex rel. Black v. Dukes* (1983), 96 Ill. 2d 273, 277, 449 N.E.2d 856, 858.) Our supreme court has applied this exception when the issues of the case affect a substantial public interest. See *Kennedy*, 112 Ill. 2d at 76-77, 491 N.E.2d at 1162; *Madison*

*Park Bank v. Zagel* (1982), 91 Ill. 2d 231, 235, 437 N.E.2d 638, 640.

The public interest exception was stated by our supreme court in the case of *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 104 N.E.2d 769, *cert. denied* (1952), 344 U.S. 824, 97 L. Ed. 642, 73 S. Ct. 24, as follows:

"[W]hen the issue presented is of substantial public interest, a well-recognized exception exists to the general rule that a case which has become moot will be dismissed upon appeal. [Citation.] Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question." 411 Ill. at 622, 104 N.E.2d at 772.

■ We determine that the public interest exception to the mootness doctrine is applicable to the facts presented here in that the three criteria are substantially satisfied. The issue presented is public in nature as it concerns the authority of the State to appeal circuit court bail determinations in criminal cases, and the resolution of the constitutional question will have an impact upon many persons charged with crimes and released on personal recognizance bonds or cash bonds which the State may consider inadequate. There is a need for an authoritative determination of the constitutional question in order to inform the State's Attorneys of the limits on their authority in filing appeals. Furthermore, as such appeals by the State purport to be authorized by the legislature through the provisions of sections 110—2 and 110—6(f) of the Code of Criminal Procedure, we think it likely that this issue will recur in the future. (See *In re N.R.* (1988), 172 Ill. App. 3d 14, 525 N.E.2d 1193; *City of Chicago v. Gordon* (1986), 146 Ill. App. 3d 898, 901-02, 497 N.E.2d 442, 445; *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 376, 481 N.E.2d 1004, 1007.) As our supreme court has recently stated:

"Considering the public interest in and the importance of the question presented, and the necessity of resolution for the sake of public officials elsewhere in the State who must decide whether [they have the right to file appeals of bail determinations from the circuit court], evading review of this question here and in later cases would be injudicious." *People ex rel. Bernardi v. City of Highland Park* (1988), 121 Ill. 2d 1, 8, 520 N.E.2d 316, 319, citing *Labrenz*, 411 Ill. at 622-23, 104 N.E.2d at 772-73.

We then consider the constitutionality of portions of sections

110—2 and 110—6 of the Code of Criminal Procedure which provide in pertinent part:

"§110—2. Release on own recognizance. When from all the circumstances the court is of the opinion that the accused will appear as required either before or after conviction the accused may be released on his own recognizance. * * *
* * *

*The State may appeal any order permitting release by personal recognizance.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 110—2.)

"110—6. Grant, reduction, increase, or denial of bail.

§110—6. (a) Upon application by the State or the defendant or on its own motion the court before which the proceeding is pending may increase or reduce the amount of bail or may alter the conditions of the bail bond or grant bail where it has been previously revoked.

* * *

(f) *The State may appeal any order where the court has increased or reduced the amount of bail or altered the conditions of the bail bond or granted bail where it has previously been revoked.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, pars. 110—6(a), (f).

■ The State is thus statutorily authorized to appeal bail determinations in criminal cases in conflict with Supreme Court Rule 604(a)(1), which specifically provides when the State may appeal interlocutory orders in criminal cases. The rule provides as follows:

"(a) Appeals by the State.

(1) When State May Appeal. In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963 [Ill. Rev. Stat. 1987, ch. 38, par. 114—1]; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (107 Ill. 2d R. 604(a)(1).)

This rule was enacted pursuant to the supreme court's authority to provide for appeals from other than final judgments by the State in criminal cases. (*People v. Zook* (1988), 177 Ill. App. 3d 62, 63, 531 N.E.2d 1066, 1067, citing *People v. Taylor* (1971), 50 Ill. 2d 136, 140, 277 N.E.2d 878, 881.) Rule 604(a)(1) is the sole source of authority for appeals by the State in criminal cases (see *Zook*, 177 Ill. App. 3d at 63, 531 N.E.2d at 1067), and its provisions will determine whether the

personal recognizance bond order in this case is appealable by the State. Neither the rule nor section 114—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 114—1) to which it refers makes any reference whatsoever to orders setting, reducing, increasing or denying bail. Plainly, therefore, the State's appeal of the bail determination in the present case is not provided for in the express language of Rule 604(a)(1). See *Zook,* 177 Ill. App. 3d at 63, 531 N.E.2d at 1067.

We have noted previously that the State may appeal issues in criminal cases only when provision for such appeals has been made by Rule 604(a)(1). (See *People v. Johnson* (1983), 113 Ill. App. 3d 367, 370, 447 N.E.2d 502, 504; *People v. Montaigne* (1980), 86 Ill. App. 3d 220, 222, 407 N.E.2d 1107, 1108.) The supreme court's authority to regulate appeals flows from the grant of judicial power contained in article 6 of the 1970 Illinois Constitution. (See Ill. Const. 1970, art. VI, §§1, 6, 16.) Article 6, section 6, states in pertinent part: "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." (Ill. Const. 1970, art. VI, §6.) Thus "the final authority to prescribe the scope of interlocutory appeals by the State in a criminal case rests exclusively with [the supreme] court [citation], and whether a particular order may be appealed depends solely upon [the court's] construction of [its] Rule 604(a)(1)." *People v. Young* (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501, 503.

■■ The Illinois Constitution grants judicial authority to the supreme court, and such grant is exclusive and exhaustive. (*People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541, 544.) The separation of powers clause in our constitution states: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." (Ill. Const. 1970, art. II, §1.) Thus, if the power under consideration is of a judicial nature, the Constitution has expressly prohibited the legislature from exercising it. (*Cox,* 82 Ill. 2d at 274, 412 N.E.2d at 544.) Our constitution does not contemplate rigid compartmentalization of the three branches of government, however, and the supreme court has recognized that the legislature is empowered "to enact laws concerning judicial practice which 'do not unduly infringe upon the inherent powers of the judiciary.' " (*People v. Walker* (1988), 119 Ill. 2d 465, 474, 519 N.E.2d 890, 892-93, quoting *People v. Taylor* (1984), 102 Ill. 2d 201, 207, 464 N.E.2d 1059, 1062-63.) The *Walker* court declined to strike down a portion of section 114—5(a) of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 114—5(a)) as unconstitutional because the challenger had failed to establish that the

section unduly invaded an area of authority inherent in the judiciary. See *Walker*, 119 Ill. 2d at 482, 519 N.E.2d at 896-97.

The *Walker* court further noted that the statutes enacted by our legislature enjoy a strong presumption of validity, and the party challenging a statute bears a heavy burden to establish its unconstitutionality. (See *Walker*, 119 Ill. 2d at 474, 519 N.E.2d at 893.) Thus, it is clear that the legislature is authorized to exercise constitutional power concurrent with that of the courts and to enact statutes which complement rules of the supreme court; however, "where such a legislative enactment directly and irreconcilably conflicts with a rule of [the supreme] court on a matter within the court's authority, the rule will prevail." *Walker*, 119 Ill. 2d at 475, 419 N.E.2d at 893, citing *Cox*, 82 Ill. 2d at 274, 412 N.E.2d at 545.

■ The statutes in question here, which provide for appeals by the State from circuit court bail orders, unduly infringe upon a fundamental prerogative of the courts, that of regulating appeals. Further, these statutes conflict with the supreme court's rule which defines when such appeals may be taken. We conclude that to the extent sections 110—2 and 110—6(f) are inconsistent with Supreme Court Rule 604(a)(1), and the decisions defining the scope of that rule, these statutes encroach upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure. See *Cox*, 82 Ill. 2d at 275, 412 N.E.2d at 545; see also *People v. Tarkowski* (1981), 100 Ill. App. 3d 153, 158-59, 426 N.E.2d 631, 634-35.

Accordingly, section 110—6(f) and that portion of section 110—2 of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, pars. 110—6(f), 110—2) which purports to authorize such appeals are void, and the State's appeal brought under the authority of these statutes must be dismissed.

Appeal dismissed.

INGLIS and WOODWARD, JJ., concur.