THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD RILEY, Defendant-Appellee.

First District (2nd Division)   No. 1—90—2028

Opinion filed January 15, 1991, *nunc pro tunc* December 18, 1990.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Jane Loeb, and Randall Roberts, Assistant State's Attorneys, of counsel), for the People.

Randolph N. Stone, Public Defender, of Chicago (James Reddy, Assistant Public Defender, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

The State seeks an interlocutory review of the circuit court's pretrial order granting defendant a personal recognizance bond. The proposed appeal raises the question of whether the circuit court abused its discretion in lowering defendant's $75,000 cash deposit bond to a $75,000 personal recognizance bond.

The facts, briefly, are that on June 30, 1990, defendant, Richard Riley, fatally shot his brother, Ronald Riley. Ronald had entered their mother's apartment through the transom and allegedly physically assaulted her. According to defendant's attorney, Ronald was not allowed in the apartment due to his violent nature. During this incident, Richard shot his brother once in the abdomen from a distance of four to six feet. He then hid the revolver and lied to police about its location. Richard had been drinking at the time of the shooting. He was arrested and gave a written statement in which he admitted the shooting.

On July 1, 1990, Richard appeared before the circuit judge, who set a $75,000 cash deposit bond. On July 3, 1990, Richard appeared for a preliminary hearing before another circuit judge, who was informed that Richard had no prior arrests or convictions, was unmarried, had no children, lived with his mother, was employed for 10 years as a supply clerk and had an honorable discharge from the army. Richard's bond was then lowered to a $75,000 personal recognizance bond.

A Cook County grand jury indicted Richard for first-degree murder on July 5, 1990.

On July 16, 1990, the State moved for reconsideration of the decision to release Richard on a personal recognizance bond. After considering Richard's background and the facts and circumstances of the shooting, the court denied the State's motion and ordered the personal recognizance bond to stand. The State filed its motion here to review and vacate the circuit court's order on July 17, 1990.

Defendant raises a threshold question of jurisdiction, questioning the State's right to have the circuit court order reviewed by this court, relying upon article VI, sections 1 and 6, of the 1970 Illinois Constitution (Ill. Const. 1970, art. VI, §§1, 6), and upon *People v. Heim* (1989), 182 Ill. App. 3d 1075, 538 N.E.2d 1259, *appeal denied* (1989), 127 Ill. 2d 627. The State claims a statutory right to appeal a pretrial bond order.

■ The Code of Criminal Procedure of 1963, as amended, provides three bases upon which the State relies:

"The State may appeal any order permitting release by personal recognizance." (Ill. Rev. Stat. 1989, ch. 38, par. 110—2.)

"The State may appeal any order granting bail or setting a given amount for bail." (Ill. Rev. Stat. 1989, ch. 38, par. 110—5(e).)

"The State may appeal any order where the court has increased or reduced the amount of bail or altered the conditions of the bail bond or granted bail where it has previously been revoked." (Ill. Rev. Stat. 1989, ch. 38, par. 110—6(g).)[1]

The State urges that although *People v. Heim* decided that sections 110—2 and 110—6(g) were void, this court should hold otherwise and allow the appeal of defendant's bail determination.

■ ■ The supreme court has addressed the issue of judicial rulemaking power with respect to appeals within a constitutional framework on several occasions. A succinct summary of treatment to be accorded this subject appears in *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602, in which the court observed (69 Ill. 2d at 256, 259):

"The judicial power is vested in a supreme court, appellate courts and circuit courts (Ill. Const. 1970, art. VI, sec. 1), and the general administrative and supervisory authority over all courts 'is vested in the Supreme Court and shall be exercised

---

[1]*Heim* discusses section 110—6(f) of the Code of Criminal Procedure (Ill. Rev. Stat. 1987, ch. 38, par. 110—6(f)). That statute was amended in 1989 by Public Act 86—984, effective December 13, 1989, and the applicable provision became section 110—6(g).

by the Chief Justice in accordance with its rules' (Ill. Const. 1970, art. VI, sec. 16). The term 'supervisory' was employed to fortify the concept of a centrally supervised court system. Ill. Ann. Stat., Const. of 1970, art. VI, sec. 16, Constitutional Commentary, at 527-28 (Smith-Hurd 1971).

*This court may provide by rule for direct appeals from the circuit court to this court* (Ill. Const. 1970, art. VI, sec. 4(b)); *by rule for appeals from the appellate court* (Ill. Const. 1970, art. VI, sec. 4(c)); *by rule for interlocutory appeals* (Ill. Const. 1970, art. VI, sec. 6); *and by rule 'for expeditious and inexpensive appeals'* (Ill. Const. 1970, art. VI, sec. 16).

Although the Constitution of 1970 does not define judicial power, it is an exclusive grant of all such power to the courts. (*Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149; *People v. Callopy* (1934), 358 Ill. 11, 14; *People v. Bruner* (1931), 343 Ill. 146, 157.) If the power is judicial in character, the legislature is expressly prohibited from exercising it. *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149; *People v. Bruner* (1931), 343 Ill. 146, 157.

This proposition has been repeated on multiple occasions prior to the Constitution of 1970, which conferred responsibility for the administrative and supervisory power 'over all courts' in the supreme court (Ill. Const. 1970, art. VI, sec. 16). *People v. Lobb* (1959), 17 Ill. 2d 287, 299; *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149; *People v. Callopy* (1934), 358 Ill. 11, 14.

\* \* \*

The conclusion in *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, was that the judicial article of 1964 (Ill. Const. 1870, art. VI (1964), sec. 5) placed *exclusive responsibility for rules governing appeals in the supreme court.* Hence, the General Assembly had exceeded its authority in enacting such a law." (Emphasis added.)

■■ ■ The supreme court adopted Rule 604(a)(1) (107 Ill. 2d R. 604(a)(1)), which is the sole source of authority for interlocutory appeals by the State in criminal cases. (*People v. Young* (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501.) The State contends that sections 110—2 and 110—6(g) do not conflict with Rule 604(a)(1), but merely complement that rule. Although the legislature may enact laws concerning judicial practice which do not unduly infringe upon the inherent powers of the judiciary (*People v. Walker* (1988), 119 Ill. 2d 465, 474, 519 N.E.2d 890), the court in *Heim* specifically held that sections

110—2 and 110—6(g) encroach upon the court's exclusive power to regulate appeals. (*Heim*, 182 Ill. App. 3d at 1081.) Where a statute directly and irreconcilably conflicts with a supreme court rule on a matter within the court's authority, the rule will prevail. (*Walker*, 119 Ill. 2d at 475; *People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541.) Section 110—6(g) and that portion of section 110—2 which purports to authorize appeals of personal recognizance bonds are therefore void, and the State's appeal brought pursuant to those sections must be dismissed. *Heim*, 182 Ill. App. 3d at 1081.[2]

The State maintains that Rule 604(a)(1) governs only appeals of substantive issues; it does not affect appeals of collateral issues, which are independent of the merits of a case. The language of the rule, however, does not support such a construction, and the State provides no authority for that interpretation. Further, statutory language must be given its plain and ordinary meaning without undue restriction or enlargement. *Ehredt v. Forest Hospital, Inc.* (1986), 142 Ill. App. 3d 1009, 1012, 492 N.E.2d 532.

The State also argues that *Heim* is not binding on this court. Although one district of the appellate court is not required to follow decisions of other districts, there are compelling reasons to do so. (*People v. Ward* (1989), 192 Ill. App. 3d 544, 554, 548 N.E.2d 1120.) Here, there are neither decisions contrary to *Heim*, nor is there a split of authority among the appellate districts. (See *Ward*, 192 Ill. App. 3d at 554.) Further, leave to appeal was denied by the supreme court, leaving the holding undisturbed. The *Heim* case, therefore, appears to be persuasive authority which precludes the State's right to appeal.

The State's motion to review and vacate the personal recognizance bond is denied.

Appeal dismissed.

SCARIANO, P.J., and DiVITO, J., concur.

---

[2]Although *Heim* did not specifically render void section 110—5(e), the same reasoning would apply to invalidate that provision.