THE CITY OF EVANSTON, Plaintiff-Appellant, v. ALVIN R. PADEN *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—1766

Opinion filed November 1, 1991.

City of Evanston Law Department, of Evanston (Herbert D. Hill, Ellen Szymanski, and Kathleen F. Brenniman, of counsel), for appellant.

Betty Burns Paden, of Evanston, for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, City of Evanston (City), appeals from an order denying its application for an administrative inspection search warrant. We judge that the order is not appealable and dismiss the appeal.

The defendants, Alvin Paden and Betty Burns Paden, own or have an interest in property at 2012 and 2018 Darrow and 1025-27 Emerson in Evanston. The City filed three complaints alleging that the defendants' buildings contained exterior violations of the City's housing code and that the defendants refused to grant the City the right of entry for interior inspections of the properties.

On March 7, 1990, the trial judge continued the cases to June 14, 1990, for full compliance on the exterior violations. He said that the City was not entitled to the right of entry without a search warrant. The City filed its motion for administrative inspection warrant on March 28, 1990, which was heard and denied on March 30, 1990. The judge recognized that an application for an administrative inspection search warrant was not subject to the same standards of probable cause applicable in a criminal case but that "there still has to be some probable cause." He held that the affidavits in support of the application did not establish "some probable cause." In substance, he held that the City was required to plead that there were interior violations at the buildings in order to establish probable cause. The City contends that the judge erred in applying the wrong standards for the issuance of the search warrant.

██ The case cited by both sides here and relied on by the trial judge is *Camara v. Municipal Court* (1967), 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727. In that case the Supreme Court denied the right of a municipality to engage in a warrantless systematic area-by-area search of buildings under its police power to determine whether the buildings were in compliance with the safety and health provisions of the municipal codes or other applicable laws. The court also held that the search warrants required of the municipalities must be based on probable cause but not the same probable cause required for search warrants issued in criminal investigations:

> "[I]t is obvious that 'probable cause' to issue a warrant to inspect must exist if reasonable legislative or administrative

standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (*e.g.*, a multi-family apartment house), or the condition of the entire area, *but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling.* \*\*\* The warrant procedure is designed to guarantee that a decision to search private property is justified by a reasonable governmental interest. But reasonableness is still the ultimate standard." (Emphasis added.) (387 U.S. at 538-39, 18 L. Ed. 2d at 941, 87 S. Ct. at 1735-36.)

Significantly, the court quoted with approval the dissenting opinion in *Frank v. Maryland* (1959), 359 U.S. 360, 3 L. Ed. 2d 877, 79 S. Ct. 804, which *Camara* overruled. That dissenting opinion held that the passage of a certain period without inspection might of itself be sufficient in a given situation to justify the issuance of a warrant. (*Camara*, 387 U.S. at 538, 18 L. Ed. 2d at 940-41, 87 S. Ct. at 1735-36.) We observe parenthetically that the buildings in issue in the case before us were last inspected in 1984.

■ The defendants filed a motion to "strike and dismiss" this appeal based on several grounds; we denied the motion. In their brief, the defendants again argue that the appeal be dismissed and, more specifically than before, assert that the order entered is not a final appealable order. We agree. There is no reference to the procedures governing administrative inspection search warrants in the supreme court rules or any statute. The criminal code governs the procedures to be followed in the issuance of search warrants in criminal investigations. (Ill. Rev. Stat. 1989, ch. 38, pars. 108—3 through 108—14.) Section 108A—10 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 108A—10) expressly empowers the State to appeal from a denial of an application for authorization and approval for the use of an eavesdropping device. We have strong doubts of the validity of section 108A—10, since it apparently infringes on the exclusive authority of the Supreme Court to regulate appeals by the State in criminal cases. (*Cf. People v. Heim* (1989), 182 Ill. App. 3d 1075, 538 N.E.2d 1259 (statute authorizing State appeal from bail order unconstitutional).) But even if we accepted the validity of section 108A—10, it would not support the City's position. Under the rules of statutory construction, we infer that the legislature, by the inclusion of the express right to appeal under section 108A—10, intended to exclude

the right to appeal from a denial of an application for a search warrant.

■ The sole and exclusive source of authority for State appeals of nonfinal orders in criminal cases lies in Supreme Court Rule 604 (134 Ill. 2d R. 604). It provides that orders quashing search warrants are appealable. It is significant that an order quashing a search warrant is not appealable in the absence of the express provision of Rule 604. If an order quashing a search warrant is not *per se* a final appealable order, *a fortiori*, an order denying an application for a search warrant is not *per se* a final appealable order.

■ The City bases its claim of appealability on Rule 304(a). (134 Ill. 2d R. 304(a).) Rule 304(a) requires multiple parties or multiple claims *and* a final judgment. A search warrant does not involve multiple parties or multiple claims, and it is not a final *judgment*. In fact, it is not a judgment at all. One cannot appeal the issuance of a search warrant until after a judgment of conviction. Even then, the issuance of a search warrant is not itself appealable; instead, it is but a basis for an appeal of the judgment of conviction. A search warrant is an authorization, nothing more. It may be executed or not as the officer who receives it deems fit. It becomes void by the mere passage of a specified time. Ill. Rev. Stat. 1989, ch. 38, par. 108—6.

We have invited the City to provide us with any authority upholding the appealability of an order denying an application for any type of search warrant. The City has provided us with none, and our own research has discovered none. While *Camara* makes a distinction between an administrative inspection search warrant and a search warrant in criminal investigations insofar as probable cause is concerned, we see no reason to make a distinction insofar as appealability is concerned.

It is our judgment that the order denying an application for a search warrant is not appealable. For that reason, the appeal is dismissed.

Appeal dismissed.

RAKOWSKI, P.J., and McNAMARA, J., concur.