*In re* ALAN WATHAN.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* ALAN WATHAN, Respondent-Appellant.)

Fourth District    No. 17364

Opinion filed March 4, 1982.

Linda Ganski, of Legal Advocacy Services, and Ann Hymowitz, of Guardianship and Advocacy Commission, both of Champaign, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

This appeal lies from a finding of the circuit court of Macon County that the respondent, Alan Wathan, was a person subject to involuntary admission to the Department of Mental Health on June 16, 1981. A notice of appeal was timely filed from the trial court's writ of hospitalization and subsequently briefs were filed by the State's Attorney. Following the filing of the briefs a motion to dismiss the appeal as moot was filed by the petitioner. The motion, and the objection thereto, were ordered taken with the case by this court. Since we determine that the appeal should be dismissed as moot, we will not reach the issues raised in the briefs.

Some factual background is necessary as it forms the basis for our determination that the appeal must be dismissed. On March 31, 1981, the respondent was the subject of a petition for involuntary admission. He was adjudicated a person subject to involuntary admission and was ordered hospitalized in the Department of Mental Health and Developmental Disabilities.

On June 3, 1981, a second petition for involuntary admission was filed. Following a hearing on June 16, 1981, the respondent was again found to be a person subject to involuntary admission and was again ordered hospitalized in the Department of Mental Health and Developmental Disabilities. It is from this order that the respondent appeals.

On July 2, 1981, the circuit clerk was ordered to file notice of appeal for the respondent as the court had been advised that the respondent desired to appeal. The Guardianship and Advocacy Commission was appointed to represent the respondent on appeal. The notice of appeal was filed on July 2, 1981, by the circuit clerk. However, on August 25, 1981, the respondent applied for voluntary admission to the Adolf Meyer Zone Center, the mental health facility into which he had been committed.

■■ We recognize that generally the mootness doctrine does not apply to mental health cases. (*In re Garcia* (1978), 59 Ill. App. 3d 500, 375 N.E.2d 557.) This general rule was promulgated in recognition of two exceptions to the mootness doctrine: (1) when dismissal would eliminate an entire class of cases from appellate review, and (2) where there are collateral legal consequences which survive the expiration of the order under review. *In re Sciara* (1974), 21 Ill. App. 3d 889, 316 N.E.2d 153.

An initial order for hospitalization may not exceed 60 days pursuant to section 3—813(a) of the Mental Health and Developmental Disabilities Code. (Ill. Rev. Stat. 1979, ch. 91½, par. 3—813(a).) Thus it is apparent that such orders would normally come within the purview of the mootness

doctrine and must be subject to the exception since dismissal would eliminate an entire class of cases from appellate review, *i.e.*, a single 60-day admission.

Moreover, it has been held that the question of the collateral consequences exception must be considerd on a case-by-case basis. The reviewing court must examine the totality of circumstances as an adjudication could return to plague a respondent in some future proceedings and could affect other aspects of a respondent's life. Thus, *Sciara* allows the application of the mootness doctrine only where there are no possible future adverse collateral legal consequences.

■■ However, we find this to be a case where the mootness doctrine should be applied. In the instant case the respondent was twice committed on an involuntary basis. Following the second commitment the respondent applied for voluntary admission to the Department of Mental Health. Respondent's actions merely confirm the finding of the trial court that he was indeed in need of treatment for mental illness. Consequently, respondent's own actions eliminate any possibility of future adverse collateral legal consequences. For this reason the mootness doctrine does apply in the instant case, and we find the appeal to be moot.

For the foregoing reasons the petitioner's motion to dismiss the appeal is hereby granted.

Dismissed.

GREEN, P. J., and TRAPP, J., concur.