*In re* BLANCH (BEA) WALTERS, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Blanch (Bea) Walters, Respondent-Appellant).

Third District   No. 3—88—0609

Opinion filed May 24, 1989.

Cynthia Z. Tracy, of Guardianship & Advocacy Commission, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Respondent Blanch (Bea) Walters appeals from an order of the circuit court of Peoria County for her involuntary admission and hospitalization in the Department of Mental Health and Developmental Disabilities for a period not to exceed 60 days. Respondent cites several procedural deficiencies in the petition for involuntary admission and supporting certificates, and contends that she was deprived of her right to counsel, that the trial court failed to consider treatment alternatives, and that the evidence admitted at her hearing failed to support an involuntary admission.

The State responds to respondent's arguments and urges that the appeal be dismissed as moot because the period of this commitment, which began in September 1988, expired in November and respondent

had previously been committed on an involuntary basis. We reject the State's position.

■■ The mootness doctrine is not applicable to mental health cases as a general rule (*In re Wathan* (1982), 104 Ill. App. 3d 64, 65, 432 N.E.2d 670, 671, citing *In re Garcia* (1978), 59 Ill. App. 3d 500, 375 N.E.2d 557), but has been applied where a subsequent voluntary admission "eliminate[s] any possibility of future adverse collateral legal consequences." (*In re Wathan*, 104 Ill. App. 3d at 66, 432 N.E.2d at 672.) In oral argument, counsel for respondent admitted that respondent had been readmitted subsequent to her discharge for the hospitalization here on appeal; however, it does not appear that the latter admission was voluntary. Consequently, for reasons set forth in *In re Riviere* (1989), 183 Ill. App. 3d 456 (decided this date), we decline to dispose of this appeal on the ground of mootness.

On the merits, we find several instances of procedural abuses, but we are particularly disturbed by the trampling of respondent's statutory right to counsel. The record discloses that respondent was removed from her residence at Moon Towers and taken by police to the Spoon River Mental Health Center on August 30, 1988. That same day, she was examined by qualified examiner Paul Amstitz, who diagnosed her as "a person who is mentally ill and who because of her illness is unable to provide for her basic physical needs so as to guard herself from serious harm." Amstitz failed to indicate the time and place of his examination and did not certify that he explained to respondent that she did not have to speak to him and that her statements might be related in court at a subsequent hearing. Respondent was admitted to Zeller Zone Mental Health Center (Zeller). On August 31, a court order was entered setting respondent's hearing for September 7. At 4:15 that afternoon, Zeller staff physician Marie Aranas examined respondent and determined that she was "a person who is mentally ill and because of her illness is reasonably expected to inflict serious physical harm upon herself or another in the near future." Aranas certified that she explained respondent's right not to speak to her. The record shows that respondent was served with notice of the September 7 hearing on September 1. Respondent was advised to telephone Assistant State's Attorney David Kenny if she had additional information to present at her hearing.

At the onset of the hearing, respondent complained that she had telephoned the number provided on her notice and asked to speak with Mr. Kenny, but was told to call the public defender instead. Later, she was told to call the Guardianship Advocacy Commission. Respondent complied and next spoke with staff attorney Cynthia

Tracy, who again referred her to the public defender's office. According to respondent, she reached assistant public defender John Riddle by telephone the day before the hearing, but he refused to discuss her case because he had not been appointed to represent her. At the conclusion of respondent's discourse, the court appointed Riddle to represent respondent, and the matter was heard.

■ Section 3—805 of the Mental Health and Developmental Disabilities Code (Code) provides:

"Every respondent alleged to be subject to involuntary admission shall be represented by counsel. If the respondent is indigent or an appearance has not been entered on his behalf at the time the matter is set for hearing, the court shall appoint counsel for him. A hearing shall not proceed when a respondent is not represented by counsel unless, after conferring with counsel, the respondent requests to represent himself and the court is satisfied that the respondent has the capacity to make an informed waiver of his right to counsel. Counsel shall be allowed time for adequate preparation and shall not be prevented from conferring with the respondent at reasonable times nor from making an investigation of the matters in issue and presenting such relevant evidence as he believes is necessary." (Ill. Rev. Stat. 1987, ch. 91½, par. 3—805.)

Clearly, the legislature intended that, if an attorney is to be appointed, the appointment be made at the time the hearing is set, and not merely at the hearing itself. (*In re Elkow* (1988), 167 Ill. App. 3d 187, 521 N.E.2d 290.) The procedure followed here provides no meaningful opportunity to afford the respondent competent legal representation. As indicated in *Elkow*, such procedure breeds claims of ineffective assistance of counsel.

■ It is readily apparent from the record and the circumstances before us that attorney Riddle was unprepared to explore numerous prehearing procedural deficiencies brought to our attention in this appeal or to suggest alternative placement for his client. Where, as here, respondent affirmatively establishes that she desired to confer with counsel, but was denied that opportunity, we will not find that the failure to comply with section 3—805 is harmless error. Because we hold that the court's untimely appointment of counsel for respondent is reversible error, we do not reach respondent's other claims of error.

Unfortunately, a reversal of the court's order in this case may prove a hollow victory for the respondent. As earlier indicated, respondent has been released and readmitted to Zeller. Remandment

under the circumstances would be pointless. (See *In re Williams* (1986), 140 Ill. App. 3d 708, 489 N.E.2d 347; *In re Riviere* (1989), 183 Ill. App. 3d 456 (decided this date).) Until the legislature chooses to fashion appropriate sanctions for statutory abuses in this area, we can only hope to send a message of our disapproval to the legal and legislative communities.

Reversed.

SCOTT and STOUDER, JJ., concur.