*In re* TODD JOHNSON, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Todd Johnson, Respondent-Appellant).

Third District   No. 3—89—0053

Opinion filed November 15, 1989.

Thomas Carlisle, of Guardianship & Advocacy Commission, of Springfield, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Vicki L. Seidl, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:
The respondent, Todd Johnson, was involuntarily admitted to Zeller Mental Health Center (Zeller) in Peoria, Illinois, on January 8, 1989. Following a hearing on January 18, 1989, the circuit court of Peoria County, Judge Thomas Ebel presiding, found the respondent subject to involuntary admission and ordered him hospitalized in the Department of Mental Health and Developmental Disabilities. On January 20, 1989, the respondent filed a notice of appeal.

On appeal, the respondent raises three arguments: (1) whether the trial court had jurisdiction to consider the untimely petition; (2) whether the respondent was deprived of his right to counsel; and (3) whether the trial court erroneously found the respondent subject to involuntary dismissal. We find that the respondent's first two arguments have merit, and accordingly, we reverse.

■ The State contends that their petition to involuntarily admit Todd Johnson was brought pursuant to section 4—401 or section 3—601 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (Ill. Rev. Stat. 1987, ch. 91½, pars. 4—401, 3—601). Section 4—401 is inapplicable in the instant case since this section concerns the emergency admission of the mentally retarded. Nothing in the record suggests that Todd Johnson was mentally retarded. The State's emergency petition was, therefore, filed pursuant to section 3—601, which governs involuntary admissions for those persons who, because of their mental condition, need immediate hospitalization for the protection of such persons against physically harming themselves or others. A section 3—601 petition must be filed with the court within 24 hours of an emergency admission, and a court hearing must take place within five days after the petition has been filed.

■ In the case at bar, Todd Johnson, a college student, was invol-

untarily admitted to Zeller on January 8, 1989. The State's petition was filed on January 10, 1989. A hearing on the petition was held on January 18, 1989. Both the filing of the petition and the date of the hearing came one day after their respective deadlines.

This court recently held in *In re Riviere* (1989), 183 Ill. App. 3d 456, that failure to file a section 3—601 petition in a timely manner is reversible error. In *Riviere*, a section 3—601 petition was filed 48 hours after the respondent's admission to Zeller. This court found that strict adherence to the procedural requirements of the Mental Health Code was necessary to protect the liberty interests of persons subjected to the involuntary admission process. Similarly, we find that the State in the instant case failed to meet the statutory requirements of the Mental Health Code and thus violated the respondent's rights. Accordingly, since the petition was untimely, it was procedurally defective.

■ With regard to the respondent's right to counsel claim, this court recently held that pursuant to section 3—805 (Ill. Rev. Stat. 1987, ch. 91½, par. 3—805), an attorney is to be appointed at the time the hearing is set, and not merely at the hearing itself. (*In re Walters* (1989), 183 Ill. App. 3d 452.) In the case at bar, Judge Ebel did not appoint the respondent's attorney at the time the hearing was set but appointed the attorney at the onset of the commitment hearing. Consequently, in contravention of *Walters* and section 3—805, the trial court erred in waiting to appoint the respondent's counsel.

■ Finally, the respondent claims that he should not have been involuntarily admitted since clear and convincing evidence was not established showing that because of his mental illness he was reasonably expected to seriously harm himself or someone else. (*In re Orr* (1988), 176 Ill. App. 3d 498.) In order to subject someone to involuntary admission, however, it need not be shown that the respondent is a definite danger to himself or society. (*In re Gregorovich* (1980), 89 Ill. App. 3d 528.) Therefore, courts do not have to wait until someone is harmed before ordering hospitalization of a respondent. (*In re Haber* (1979), 78 Ill. App. 3d 1120.) Thus, the standard is not one of certainty but rather one of reasonableness.

■ Here, the respondent's treating psychiatrist, Dr. Shirley Eyman, testified that at the time of the respondent's admission he was hostile, threatening, and suffering from delusions. In Doctor Eyman's opinion the respondent was mentally ill and was likely to inflict serious physical harm upon himself or others. Additionally, Doctor Eyman testified that since the respondent's admission he had threatened a patient, kicked and hit a nurse, struck an employee, and

96

had run away. Based on this testimony, we find that Judge Ebel's determination that the respondent was proved subject to involuntary admission by clear and convincing evidence was not manifestly erroneous.

Nevertheless, the trial court order should be reversed based on the aforementioned procedural defects.

Reversed.

SCOTT and STOUDER, JJ., concur.