In re GARY THOMPSON, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Gary Thompson, Respondent-Appellant).

Third District No. 3—90—0754

Opinion filed July 19, 1991.

Penelope S. Karnes and Jeff M. Plesko, both of Guardianship & Advocacy Commission, of Carbondale, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Nancy Rink Carter, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The trial court ordered the respondent, Gary Thompson, to be involuntarily admitted to the Department of Mental Health and Developmental Disabilities for a period not to exceed 60 days. The respondent appeals that order. We reverse.

The record shows that on August 30, 1990, the State filed a petition for the respondent's involuntary admission. The petition alleged that the respondent continued to be subject to involuntary admission based upon prior self-injurious behavior and present delusions. It was

accompanied by a certificate executed by a psychiatrist, which concluded that the respondent was a mentally ill person and because of his illness was reasonably expected to inflict serious physical harm upon himself or another in the near future. On August 31, 1990, the petition, certificate, and a treatment plan were filed with the trial court.

On September 5, 1990, a hearing was held at which the respondent appeared in person with his public defender. Dr. Wyler, a staff physician who was temporarily treating the respondent, was the only witness called by the State. Although Dr. Wyler testified that he had seen the respondent the last couple of days before the hearing, the record is unclear regarding the extent to which Dr. Wyler examined him.

Dr. Wyler indicated that the respondent had been hostile and threatening at times, yet cooperative with treatment. He believed the respondent suffered from schizophrenia and could reasonably be expected to inflict serious physical harm upon himself or another. Additionally, Dr. Wyler believed the respondent was unable to provide for his basic physical needs.

The trial court found that the respondent was mentally ill and could reasonably be expected to inflict serious physical harm upon himself in the near future. An order was then entered calling for his continued treatment for up to 60 days.

On appeal, the respondent contends that the order for involuntary admission must be reversed because there was no testimony by a clinical psychologist or psychiatrist as required by section 3—807 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1989, ch. 91½, par. 3—807).

Before we address the respondent's claim, we must consider whether this appeal is moot. The State argues that an appeal from an involuntary commitment order may be dismissed as moot when the respondent has been previously committed. *In re Wathan* (1982), 104 Ill. App. 3d 64, 432 N.E.2d 670; *In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65; *In re Riviere* (1989), 183 Ill. App. 3d 456, 539 N.E.2d 451.

■ Generally, the mootness doctrine does not apply to mental health cases. (*In re Garcia* (1978), 59 Ill. App. 3d 500, 375 N.E.2d 557.) However, it may be applied in mental health cases where there are no future collateral consequences. *In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65.

In the instant case, the record indicates the respondent has been an admittee at the Zeller Mental Health Center, either on a voluntary

or involuntary status, on several occasions since 1984. Additionally, he has been subject to involuntary admission subsequent to the admission under review in this appeal. However, the respondent has not been the subject of a voluntary admission subsequent to the admission we are now considering.

While a subsequent voluntary admission can eliminate the possibility of future adverse collateral legal consequences (*In re Wathan* (1982), 104 Ill. App. 3d 64, 432 N.E.2d 670), a subsequent involuntary admission does not eliminate the possibility of collateral legal consequences (*In re Riviere* (1989), 183 Ill. App. 3d 456, 539 N.E.2d 451). We therefore deny the motion to dismiss the appeal on the grounds of mootness.

We turn now to the respondent's contention that the order for involuntary admission must be reversed since there was no testimony by a clinical psychologist or psychiatrist. We begin by noting that Illinois law requires that at least one psychiatrist or clinical psychologist who has examined the patient testify in person at the hearing. (Ill. Rev. Stat. 1989, ch. 91½, par. 3—807.) Here, however, the record indicates that the only witness to testify on behalf of the State was Dr. Wyler, who was a physician, not a psychologist or psychiatrist.

The respondent's trial attorney stipulated to Dr. Wyler's qualifications at the hearing:

"THE COURT: Will you stipulate to the doctor's qualifications?

[RESPONDENT'S COUNSEL]: So stipulated."

The State contends that this stipulation was adequate to meet the requirements of section 3—807. We disagree.

A vague stipulation at trial to a physician's qualifications does not render that physician a psychiatrist or psychologist. The testimony of a qualified physician is not sufficient to satisfy the statutory requirements. Since Dr. Wyler's testimony was inadequate due to his not being a psychiatrist or psychologist, we see no need to address the respondent's argument that Dr. Wyler had not adequately examined him.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

GORMAN and McCUSKEY, JJ., concur.