*In re* PATRICK VENEGAS, Asserted to be a Person Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Patrick Venegas, Respondent-Appellant).

Third District   No. 3—90—0610

Opinion filed August 26, 1991.

Penelope Karnes and Jeff Plesko, both of Legal Advocacy Service, of Carbondale, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

The trial court ordered Patrick Venegas to be involuntarily admitted to the Department of Mental Health and Developmental Disabilities for a period not to exceed 60 days. The respondent appeals that order. We reverse.

The record shows that on July 20, 1990, a petition for the involuntary admission of Patrick Venegas was filed. At the hearing on the petition, Dr. Sreehari Patiblanda testified that the respondent suffered from paranoid schizophrenia and an anti-social personality disorder. The doctor's opinion was that the respondent could reasonably be expected to inflict serious physical harm upon himself or another in the near future. The doctor concluded that a less restrictive facility was not available for the respondent.

The trial court ordered an involuntary admission. The respondent contends on appeal that the order for involuntary admission must be reversed because no treatment plan was prepared as required under section 3—810 of the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1989, ch. 91½, par. 3—810). He further contends that the order for involuntary admission must be reversed since the trial court failed to consider such a report, as is required under section 3—810.

Before we address the respondent's claims, we must first consider whether this appeal is moot. The State argues that an appeal from an involuntary commitment order may be dismissed as moot when the respondent has been previously committed. As authority for this argument, the State cites *In re Wathan* (1982), 104 Ill. App. 3d 64, 432 N.E.2d 670.

Generally, the mootness doctrine does not apply to mental health cases. (*In re Garcia* (1978), 59 Ill. App. 3d 500, 375 N.E.2d 557.) However, in *Wathan* the appellate court held that the mootness doctrine should be applied. In that case, on March 31, 1981, the respondent was adjudicated to be subject to involuntary admission and was ordered hos-

pitalized. Then on June 3, 1981, a second petition for involuntary admission was filed. After a hearing, the respondent was again found to be subject to involuntary admission and was again ordered hospitalized. It was from the second order of involuntary admission that the respondent appealed.

The appellate court found the mootness doctrine applicable. The court reasoned that since the first commitment had not been appealed, there could be no collateral consequences emanating from the respondent's second involuntary admission. *In re Wathan* (1982), 104 Ill. App. 3d 64, 432 N.E.2d 670; *In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65.

■ In the instant case, the record indicates the respondent was admitted four times prior to the admission now in contention. If the admissions were involuntary, the mootness doctrine might apply. (*In re Wathan* (1982), 104 Ill. App. 3d 64, 432 N.E.2d 670.) If the prior admissions were voluntary, the mootness doctrine would not apply. (*In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65.) Since the record does not indicate whether the prior admissions were voluntary or involuntary, we will not dismiss this appeal as moot.

■ We turn now to the respondent's contention that the order for involuntary admission must be reversed due to the State's failure to prepare, and the court's failure to consider, a treatment report prior to disposition. The general rule is that if no report is prepared or considered, it is reversible error. (*In re James* (1989), 191 Ill. App. 3d 352, 547 N.E.2d 759.) The State argues, however, that Dr. Patiblanda's testimony at the hearing was sufficient to satisfy the requirements of section 3—810 (Ill. Rev. Stat. 1989, ch. 91½, par. 3—810). We disagree.

Section 3—810 provides:

> "Before disposition is determined, the facility director or such other person as the court may direct shall prepare a report including information on the appropriateness and availability of alternative treatment settings, a social investigation of the respondent, a preliminary treatment plan, and any other information which the court may order. The treatment plan shall describe the respondent's problems and needs, the treatment goals, the proposed treatment methods, and a projected timetable for their attainment. If the respondent is found subject to involuntary admission, the court shall consider the report in determining an appropriate disposition." Ill. Rev. Stat. 1989, ch. 91½, par. 3—810.

The fundamental objective of statutory construction is to ascertain and give effect to the legislature's intent. (*In re Application of Rosewell*

(1983), 97 Ill. 2d 434, 454 N.E.2d 997.) A statute should be read as a whole, and all its relevant parts should be considered to determine the intent of the legislature. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) Where the meaning of a statute is in dispute, the threshold task of a court is to examine the terms of the statute itself. *United States Steel Corp. v. Pollution Control Board* (1978), 64 Ill. App. 3d 34, 380 N.E.2d 909.

In *In re Collins* (1981), 102 Ill. App. 3d 138, 429 N.E.2d 531, despite psychiatric testimony describing the patient's problems and the proposed treatment methods, the appellate court concluded that the record contained no evidence of a report complying with section 3—810. We agree that although section 3—810 does not expressly state that the report must be in writing, the language of the statute indicates the legislature intended for the report to be more than testimony at the hearing. (*In re Blume* (1990), 197 Ill. App. 3d 552, 554 N.E.2d 1100; *In re Lamb* (1990), 202 Ill. App. 3d 725, 560 N.E.2d 422.) Accordingly, the psychiatric testimony in the instant case did not comply with section 3—810.

■ The trial court therefore erred when it subjected the respondent to involuntary admission without a section 3—810 report. The State argues, however, that the respondent waived any error stemming from the failure to comply with section 3—810. It contends that a respondent must raise objections to the lack of a report in the trial court or the objections are considered waived. *In re Meek* (1985), 131 Ill. App. 3d 742, 476 N.E.2d 65.

In *Meek*, the court held that the respondent had waived any objection to deficiencies in the section 3—810 report by failing to raise those deficiencies in the trial court. We note, however, that in *In re James* (1989), 191 Ill. App. 3d 352, 547 N.E.2d 759, the court distinguished *Meek*. The court noted that in *Meek* a report had been prepared and the only issue was the sufficiency of the report. On the other hand, in *James* no report was prepared. The court held that when no report is prepared, a total failure to comply with the statute exists and the issue is not waivable. (See also *In re James* (1990), 199 Ill. App. 3d 316, 556 N.E.2d 839.) In the instant case, there is no evidence in the record that a report was prepared. The issue therefore was not waived.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

BARRY and SLATER, JJ., concur.