614 N.E.2d 311 (1993)
244 Ill. App.3d 254
185 Ill.Dec. 177
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
John C. HALASZ, Defendant-Appellant.
No. 1-90-3608.
Appellate Court of Illinois, First District, Third Division.
March 31, 1993.
Edwin F. Mandel, Legal Aid Clinic, Chicago (Mark J. Heyrman, of counsel), for defendant-appellant.
Jack O'Malley, State's Atty. of Cook County, Chicago (Renee Goldfarb, Kenneth T. McCurry, Susan Schierl, Asst. State's Attys., of counsel), for plaintiff-appellee.
Presiding Justice TULLY delivered the opinion of the court:
Defendant John C. Halasz was charged with two counts of home invasion (Ill.Rev. Stat.1983, ch. 38, par. 12-11), one count of residential burglary (Ill.Rev.Stat.1983, ch. 38, par. 19-3, now codified as 720 ILCS 5/19-3 (West 1992),) and one count of armed violence (Ill.Rev.Stat.1983, ch. 38, par. 33A-2, now codified as 720 ILCS 5/33A-2 (West 1992).) These charges arose from defendant's having broken into *312 the Glencoe home of his former psychiatrist, Dr. Nathan Birnberg, armed with a.357 magnum revolver, a sledge hammer, and a rope on October 17, 1984. It was defendant's belief that Birnberg had somehow inflicted psychological damage on him during the course of his treatment. In turn for this perceived injury, defendant decided to break Birnberg's knees with the sledge hammer. Fortunately, the Glencoe police arrived at the Birnberg residence prior to defendant's implementation of this plan and placed him under arrest. On May 1, 1985, after a bench trial, the trial court found defendant not guilty by reason of insanity of all charges.
On July 17, 1985, pursuant to section 5-2-4 of the Unified Code of Corrections (section 5-2-4) (Ill.Rev.Stat.1985, ch. 38, par. 1005-2-4) the trial court adjudicated defendant subject to involuntary admission and in need of mental health services on an in-patient basis. Accordingly, defendant was remanded to the custody of the Department of Mental Health and Developmental Disabilities (DMHDD) and placed in the Elgin Mental Health Center (Elgin) for treatment.
Pursuant to section 5-2-4, the facility director at Elgin submitted a recommendation, dated March 23, 1990, to the trial court that defendant be conditionally released from the custody of the DMHDD and placed in an out-patient treatment program. On June 29, 1990, after a hearing on the matter, the trial court rejected the facility director's recommendation and determined that defendant was still subject to involuntary admission. Consequently, defendant was ordered remanded to the custody of the DMHDD and returned to Elgin. It is from this order that defendant now appeals to this court.
During the pendency of this appeal, the Elgin facility director submitted another recommendation for defendant's conditional release, dated April 19, 1991. After a hearing, the trial court, in its order of July 30, 1991, granted defendant conditional release, pursuant to the same conditions contained in the March 1990 recommendation at issue in this appeal. Thus, the State asserts that this appeal is now rendered moot because any decision we could reach will not provide defendant any relief as he has already obtained the relief sought in this appeal, conditional release, from the trial court. We agree.
It is a hoary principle of the common law that when a case is rendered moot, a court's decision on the merits will not afford either party relief and any decision thus reached is merely an advisory opinion. (In re Marriage of Landfield (1987), 118 Ill.2d 229, 113 Ill.Dec. 93, 514 N.E.2d 1005.) Illinois courts do not issue advisory opinions and should not indulge in the practice of rendering opinions simply for the sake of creating precedents to govern future cases. People v. Heim (1989), 182 Ill.App.3d 1075, 131 Ill.Dec. 703, 538 N.E.2d 1259.
However, we note that our courts have generally not applied the mootness doctrine to mental health cases. (In re Garcia (1978), 59 Ill.App.3d 500, 16 Ill.Dec. 684, 375 N.E.2d 557.)
"This general rule was promulgated in recognition of two exceptions to the mootness doctrine: (1) when dismissal would eliminate an entire class of cases from appellate review, and (2) where there are collateral legal consequences which survive the expiration of the order under review." In re Wathan (1982), 104 Ill.App.3d 64, 65, 59 Ill.Dec. 884, 432 N.E.2d 670.
See also In re Sciara (1974), 21 Ill.App.3d 889, 316 N.E.2d 153.
The judicial assessment pursuant to section 5-2-4 from which defendant appeals, unlike the civil commitments involved in the cases cited by defendant on this issue, does not involve the relatively short and strict time limits imposed upon the length of a civil commitment order. (See Ill.Rev. Stat.1989, ch. 91½ par. 3-813, (initial order not to exceed 60 days; subsequent order not to exceed 180 days.)) However, judicial reassessment of section 5-2-4 involuntary commitment orders occur only upon petition of defendant or recommendation of a director of a mental health facility. Thus, while it is possible that a section 5-2-4 *313 order could evade appellate review, it is not axiomatic that section 5-2-4 orders as a class will do so.
Moreover, in briefing this issue defendant did not cite any adverse collateral consequences that he would suffer as a result of an application of the mootness doctrine to the case at hand. "[Application of the mootness doctrine [is permitted] only where there are no possible future adverse collateral consequences." (Wathan, 104 Ill.App.3d at 66, 59 Ill.Dec. 884, 432 N.E.2d 670.) After a careful review of the record we perceive no such collateral consequences to defendant and, thus, the mootness doctrine can be applied in this case. Consequently, we find this appeal to be moot and shall not reach the issues raised in the briefs.
In light of the foregoing, this appeal is dismissed.
Dismissed.
RIZZI and CERDA, JJ., concur.