NOTICE
Decision filed 11/30/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230849

NO. 5-23-0849

IN THE

APPELLATE COURT OF ILLINIOS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Christian County. |
| | ) | |
| v. | ) | No. 23-CF-140 |
| | ) | |
| DUSTIN CLINE, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court, with opinion.
Justices Cates and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1     The State seeks to appeal the order of the circuit court of Christian County, entered on September 22, 2023, that granted the defendant's motion to strike the State's amended petition for detention. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (vacating the stay of the pretrial release provisions in Public Act 101-652 on September 18, 2023). The defendant argues that pursuant to this court's opinion in *People v. Rios*, 2023 IL App (5th) 230724, the circuit court

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

correctly struck the State's petition to deny pretrial release. For the reasons that follow, we dismiss the appeal.

¶ 2                                    I. BACKGROUND

¶ 3      On August 6, 2021, the defendant, Dustin Cline, was arrested and charged with the offense of unlawful possession of methamphetamine in Christian County case No. 2021-CF-241. The defendant was released from detention on a $5000 recognizance bond.

¶ 4      On August 25, 2023, the defendant was subject to a traffic stop in Christian County. During the traffic stop, it was discovered that the defendant was operating a motor vehicle while his driving privileges were revoked. Accordingly, he was taken into custody and placed into the back seat of the arresting officer's vehicle. While the officer was completing the necessary paperwork related to the traffic stop, the defendant spat on the officer, causing spit to land on the officer's face and person.

¶ 5      On August 28, 2023, the defendant was charged by information with one count of aggravated battery to a police officer, a Class 2 felony, in Christian County case No. 2023-CF-0140, the case on appeal. The information alleged that the defendant "knowingly made contact of an insulting or provoking nature with [the police officer], in that Dustin R. Cline, spit on [the police officer], making contact with his face, knowing [the police officer] to be a peace officer engaged in the execution of his official duties."

¶ 6      On September 7, 2023, the State filed a verified petition to revoke pretrial release pursuant to section 110-6(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6(a) (West 2022)). On September 14, 2023, the defendant filed a motion to strike the State's verified petition to revoke pretrial release. The defendant's motion argued that the State could not seek a remedy that did not yet exist under law because section 110-6(a) of the Code, as amended by the Act,

2

would not be effective until September 18, 2023, pursuant to *Rowe*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A hearing was held on the motion to strike on September 18, 2023, and the circuit court granted the defendant's motion to strike.

¶ 7    Also on September 18, 2023, the defendant filed a motion to remove a monetary condition of pretrial release and requested a hearing on his motion pursuant to section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)). The trial court scheduled the defendant's motion for a hearing on September 22, 2023.

¶ 8    The State filed a verified petition to revoke pretrial release pursuant to section 110-6(a) on September 18, 2023. A hearing was held on September 21, 2023. At that time, the defendant made an oral motion to strike the State's verified petition to revoke pretrial release, arguing that it was not timely. The circuit court granted the defendant's motion to strike the verified petition to revoke pretrial release based upon the reasoning "that [section] 110-6 requires that the defendant to have been released under this section[,] and he was not."

¶ 9    The State filed a verified petition to deny the defendant pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1) on September 21, 2023. The petition was scheduled for hearing on September 22, 2023.

¶ 10    At the beginning of the hearing held on September 22, 2023, the State was granted leave to file an amended verified petition to deny defendant pretrial release by interlineation. The amended petition alleged that (1) the proof is evident and the presumption is great that the defendant committed a detainable offense under section 110-6.1(a) of the Code (*id.* § 110-6.1(a)), and (2) the defendant is charged with an offense under section 110-6.1(a)(1), (1.5), or (3) through (7) (*id.* § 110-6.1(a)(1)-(1.5), (3)-(7)), and the defendant poses a real and present threat to the safety of any person or persons or the community. The defendant made an oral motion to strike the

amended verified petition to deny defendant pretrial release. The defendant argued the State's petition was not timely.

¶ 11    At the hearing, the circuit court made an oral pronouncement granting the defendant's motion to strike the amended verified petition to deny defendant pretrial release. The circuit court's written docket entry following the hearing stated as follows:

"Regarding the motion to strike the motion for pretrial detention, 725 ILCS 5/110-6.1(c) requires the State to file a detention petition at the time of the first appearance before a judge if the defendant has been detained or within 21 days of arrest and release if the defendant has not been detained. Since the defendant is in custody and already made a first appearance before a judge, defendant argues the State is precluded from seeking detention.

The legislature passed a trailer bill adding 725 ILCS 5/110-7.5 to address retroactive application of the Pretrial Fairness Act to defendants who were in custody and had not posted bond when the law took effect on September 18, 2023. Section 110-7.5(a) states '[t]his Section shall not limit the State's Attorney's ability to file a verified petition for detention under Section 110-6.1 or a petition for revocation or sanctions under Section 110.6.' The State argues this language permits it to file detention or sanction petitions even though defendant has already appeared before a judge and has not been released from custody.

The plain language of these statutes read together clearly permits the State to file a petition for detention if it complies with 725 ILCS 5/110-6.1. Since Defendant has already appeared before a judge, the State's petition for detention is not timely. Defendant's motion to strike the petition for detention is granted."

¶ 12    After ruling on the motion to strike, the circuit court heard arguments on the defendant's

motion to remove monetary conditions of bail. The circuit court granted the defendant's motion

and ordered that the defendant's cash bail provision was stricken, and the defendant was ordered

released from custody. On October 5, 2023, the State filed a timely notice of appeal.

¶ 13                                    II. ANALYSIS

¶ 14    When filing its notice of appeal, the State utilized the form approved for Illinois Supreme

Court Rule 604(h) (eff. Sept. 18, 2023) appeals by the State. The State's notice of appeal indicated,

*inter alia*, as follows:

"Date(s) of Order(s) Appealed: <u>September 22, 2023</u>_____

Date(s) of Hearing(s) Regarding Pretrial Release: <u>September 22, 2023</u>_____

* * *

Nature of the Order Appealed (check all that apply):

☐ Granting pretrial release

☒ Denying petition to revoke pretrial release

☐ Imposing conditions of pretrial release

* * *

Rule 328 Supporting Record* (check all that apply):

☒ Copy of the order appealed from

☒ Supporting documents or matters of record (please list)

<u>Transcript</u>_____

_____

_____

☐ Affidavit of attorney or party (in lieu of clerk certificate of authentication)

5

*You may attach a supporting record to this notice of appeal. You must file a complete supporting record with the appellate court within 30 days after filing this notice of appeal.

Relief Requested: <u>Reversal of Judge's Denial</u>

_____

_____

Grounds for Relief (check all that apply and describe in detail):

<u>Granting Pretrial Release or</u>

<u>Denying Petition to Revoke Pretrial Release</u>

☒The court erred in its determination that defendant was not charged with an offense qualifying for denial or revocation of pretrial release or with a violation of a protective order qualifying for revocation of pretrial release.

<u>Judge denied State's request to deny pre trial [*sic*] release based on the interpretation of the Statute</u>

_____."

¶ 15    The State's notice of appeal indicated that a copy of the order appealed from was to be attached. On September 22, 2023, the circuit court of Christian County entered multiple orders: (1) an order via docket entry on the record sheet that granted the defendant's motion to strike the petition for detention, (2) an order via docket entry on the record sheet granting the defendant's motion to remove monetary conditions of bail, (3) a finding of probable cause following a preliminary hearing, and (4) a written conditions of pretrial release order. While the entire record sheet was included with the notice of appeal as part of the appointment of appellate counsel, there is no indication by the State as to which order, or orders, it is appealing.

¶ 16 We turn to the State's memorandum in support of its Rule 604(h) appeal for guidance on what order or orders the State is appealing and the relief sought. A notice of appeal is jurisdictional; however, it is generally accepted that a notice of appeal is to be construed liberally. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The appellate briefs, or in this case, the memoranda, "specify the precise points to be relied upon for reversal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433 (1979).

¶ 17 The State's memorandum set forth the background of the case and presented legal arguments. The State's memorandum requested the following relief from this court:

"30. Accordingly, for the reasons outlined above, the trial court's decision to strike the State's amended petition should be REVERSED.

WHEREFORE, the PEOPLE OF THE STATE OF ILLINOIS, respectfully request that this Honorable Court reverse the trial court's September 22, 2023[,] order striking the State's Petition to Deny Pretrial Release."

We conclude that the State is only appealing the circuit court's order via docket entry on the record sheet that granted the defendant's motion to strike the petition for detention.

¶ 18 Next, we must consider whether we have jurisdiction over the instant appeal, as "[a] reviewing court has an independent duty to consider issues of jurisdiction, regardless of whether either party has raised them." *Smith*, 228 Ill. 2d at 104. Appellate jurisdiction pursuant to Rule 604(a)(1) has been extended to permit the State to appeal, *inter alia*, "from an order imposing conditions of pretrial release; from an order denying a petition to deny pretrial release; or from an order denying a petition to revoke pretrial release." Ill. S. Ct. R. 604(a)(1) (eff. Sept. 18, 2023).[2]

___

[2]Illinois Supreme Court Rule 604 was amended effective October 19, 2023; however, the notice of appeal in the instant action was filed prior to the amendments becoming effective.

Additionally, Rule 604(h) extends appellate jurisdiction to appeals from orders under the Act as follows:

"(h) Appeals From Orders Under the Pretrial Fairness Act Imposing Conditions of Pretrial Release, Granting or Denying a Petition to Deny Pretrial Release, or Revoking or Refusing to Revoke Pretrial Release.

(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Pretrial Fairness Act as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release." Ill. S. Ct. R. 604(h)(1) (eff. Sept. 18, 2023).

¶ 19 "Although a supreme court rule is not a statute enacted by the Illinois legislature, the interpretation of a rule should follow the same guidelines as statutory interpretation ***." *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007). Further, the words used in the supreme court rule are to "be given their plain, ordinary, and popularly understood meanings." *Id.*

¶ 20 In this appeal, the order that the State wishes to appeal is the granting of the defendant's motion to strike the State's amended petition for detention. By its plain language, this is not one of the three orders identified in Rule 604(a) or (h) that the State may appeal from. The supreme court has the exclusive authority to determine the appeals the State may seek of nonfinal orders in

8

criminal cases. *City of Evanston v. Paden*, 221 Ill. App. 3d 1003, 1006 (1991). Accordingly, we find we lack jurisdiction to consider this appeal.

¶ 21    However, assuming *arguendo* we had jurisdiction, we find our recent holding in *Rios*, 2023 IL App (5th) 230724, would have been applicable to the facts of this case.

¶ 22    Appeal dismissed.

*People v. Cline*, 2023 IL App (5th) 230849

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Christian County, No. 23-CF-140; the Hon. Bradley T. Paisley, Judge, presiding. |
| **Attorneys for Appellant:** | John McWard, State's Attorney, of Taylorville (Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellee. |