NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231420-U

NO. 4-23-1420

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 23, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| JARED M. STAAKE, | ) | No. 23CF237 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justice Lannerd concurred in the judgment.
Justice DeArmond dissented.

**ORDER**

¶ 1    *Held*: The appellate court vacated the trial court's detention order and remanded, holding the court abused its discretion by failing to make any findings, either orally or in its written order, as to why less restrictive conditions of pretrial release would not avoid the threat it found defendant posed to the safety of the community.

¶ 2    Defendant, Jared M. Staake, appeals the trial court's order denying him pretrial release. Defendant argues, *inter alia*, that the court abused its discretion by detaining him without making the requisite findings that no conditions of release could mitigate any threat he posed to the safety of the community or why less restrictive conditions could not mitigate this threat. We vacate and remand.

¶ 3                                  I. BACKGROUND

¶ 4　　　　　On March 23, 2023, defendant was charged with armed violence (720 ILCS 5/33A-2(a) (West 2022)), aggravated battery with a firearm (*id.* § 12-3.05(e)(1)), attempted armed robbery (*id.* § 18-2(a)(2)), and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). These offenses all related to the shooting of a single victim. That same day, the trial court set defendant's bail at $500,000.

¶ 5　　　　　On November 3, 2023, defendant moved for a hearing "to determine appropriate pretrial conditions" pursuant to section 110-7.5(b) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-7.5(b) (West 2022)). Defendant alleged that he remained in pretrial custody because he was unable to satisfy the monetary bond previously imposed by the trial court.

¶ 6　　　　　On November 21, 2023, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1 of the Code (*id.* § 110-6.1), which alleged defendant had been charged with a detainable offense and his pretrial release posed a real and present threat to the safety of any person or persons or the community. The petition asserted that defendant had prior felony convictions for possession of a stolen firearm, aggravated battery in a public place, and second degree murder.

¶ 7　　　　　That same day, the trial court held a hearing on defendant's motion and the State's petition. During the hearing, the State asserted defendant had a significant criminal history, which included a prior conviction for second degree murder. The State asserted that, during the commission of the charged offenses, defendant and a codefendant attempted to rob the victim, and, in the process of doing so, defendant fired multiple shots, injuring the victim, and ran from the scene. The State stated defendant posed a danger to the community and that incarceration was the "least restrictive means."

¶ 8      Defense counsel asserted that defendant had strong ties to the community. Counsel stated defendant was a certified paralegal and was gainfully employed at the time of the charged offenses. Counsel also stated that the codefendant had been released on bond and noted she and defendant had been charged based on the same allegations. Defense counsel requested that defendant be released with conditions.

¶ 9      The trial court stated:

"I am going to grant the People's Verified Petition to Deny the Defendant his Pretrial Release.

I do find that the proof is evident or presumption is great that the Defendant committed a detainable offense and the dangerousness standard is met.

I'm also gonna [*sic*] make the findings of nature and circumstances of the offense charged are part of the reason, the Defendant's criminal history of violent behavior is part of the reason, safety of the community is part of the reason, and I will make those findings in this Order."

¶ 10      The trial court entered a written detention order utilizing a form order. The court checked a box indicating it found by clear and convincing evidence that (1) the proof was evident or the presumption great that defendant had committed a detainable offense, (2) defendant's pretrial release posed a real and present threat to the safety of the community based on the specific, articulable facts of the case, and (3) no conditions of release could mitigate this threat. The form order then stated, "The Court's reason(s) for concluding the defendant should be denied pretrial release are based on the following," and it directed the court to "[c]heck all boxes that apply" from a preprinted list. The court in this case checked the following boxes: (1) "[n]ature and circumstances of the offense(s) charged," (2) "[d]efendant's prior criminal

history is indicative of violent, abusive, or assaultive behavior," and (3) "[t]he identity of any person(s) to whose safety the defendant is believed to pose a threat, and the nature of the threat."

¶ 11 On December 1, 2023, defendant filed a notice of appeal utilizing the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Oct. 19, 2023). The form lists several possible grounds for appellate relief and directs appellants to "check all that apply and describe in detail." Defendant identified multiple grounds for relief. Relevant to this appeal, defendant checked the box next to the ground that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat he posed to the safety of the community. In support of this ground, defendant argued the State's only evidence that he posed a real and present threat was his criminal history from 10 years earlier, no "objective information" was presented indicating defendant posed a present threat based on the specific, articulable facts of the case, and the State did not show defendant would evade or obstruct his prosecution.

¶ 12 Defendant also checked the box next to the ground that the trial court erred by determining that no condition or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. In support of this ground, defendant asserted: "No clear and convincing evidence was presented regarding the inapplicability of pretrial conditions. The Court ruled that none existed, based upon speculation, and conjecture, rather than by clear and convincing evidence."

¶ 13 Defendant also filed a memorandum on appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023), in which he argued the trial court abused its discretion by detaining him without making the requisite findings that no conditions of release could mitigate

any danger he posed to the community or why less restrictive conditions could not mitigate this threat.

¶ 14                                    II. ANALYSIS

¶ 15          We first address the argument raised in defendant's memorandum—namely, that the trial court abused its discretion by detaining him without making the requisite findings that no conditions of release could mitigate any threat he posed to the safety of the community or why less restrictive conditions could not mitigate this threat. The State contends defendant forfeited this argument and that it should be stricken because it was inconsistent with and "entirely unrelated" to the grounds for relief asserted in the notice of appeal.

¶ 16          We find defendant's notice of appeal, liberally construed, encompasses the argument raised in his memorandum. See *People v. Cline*, 2023 IL App (5th) 230849, ¶ 16 ("[I]t is generally accepted that a notice of appeal is to be construed liberally."). The boxes defendant checked and the description he provided in his notice of appeal indicated he was challenging, among other things, the sufficiency of the State's evidence that no conditions of pretrial release could mitigate any threat he posed to the safety of the community and the trial court's finding to that effect. Accordingly, we proceed to address defendant's argument that the court abused its discretion by failing to make the requisite statutory findings that no conditions of pretrial release could mitigate any threat he posed to the safety of the community or why less restrictive conditions could not mitigate such a threat.

¶ 17          Section 110-6.1(e) of the Code (725 ILCS 5/110-6(e) (West 2022)) provides that a presumption exists that a defendant is eligible for pretrial release. The trial court may deny a defendant pretrial release only if, upon verified petition, the State proves by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed

- 5 -

a detainable offense, (2) the defendant poses a real and present threat to the safety of any person or persons or the community, based upon the specific articulable facts of the case, and (3) no condition or combination of conditions could mitigate this threat. *Id.* § 110-6.1(a), (e). Section 110-6.1(h)(1) of the Code (*id.* § 110-6.1(h)(1)) provides that, in any detention order, the court shall make a written finding summarizing its reasons for denying the defendant pretrial release, "including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case."

¶ 18 While section 110-6.1(h) directs that the trial court's findings be made in writing, the court's oral findings may be considered in conjunction with the written order in determining compliance with the directives of the statute. See *People v. Hodge*, 2024 IL App (3d) 230543, ¶ 11 (holding that, considering both the transcript of the hearing and the court's written order, the court's reasons for its detention findings were adequately stated to allow the appellate court to fully consider its decision); see also *In re Madison H.*, 215 Ill. 2d 364, 374-75 (2005) (holding that an oral finding on the record may satisfy the statutory requirement that the court put the factual basis for its finding of dispositional unfitness in writing if the oral finding is explicit and advises the parties of the basis for the court's decision).

¶ 19 We review a trial court's order denying a defendant pretrial release for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable or where no reasonable person would agree with its position. *Id.* ¶ 10.

¶ 20 Here, while the trial court's written order contained a finding by way of a checked box that no conditions of pretrial release could mitigate the real and present threat defendant posed to the safety of the community, it failed to set forth its reasons, either orally or in writing,

explaining "*why* less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." (Emphasis added.) 725 ILCS 5/110-6.1(h)(1) (West 2022). The written order and the court's comments during the hearing included some discussion of the factors set forth in section 110-6.1(g) of the Code (*id.* § 110-6.1(g)), which the court is to consider in determining whether a defendant poses a real and present threat to the safety of the community. However, the court did not make any findings, either in its oral pronouncement or its written order, as to why conditions of pretrial release could not mitigate the threat it found defendant posed to the safety of the community.

¶ 21          Accordingly, while the facts in the State's proffer might have provided the trial court ample reason to conclude no conditions could mitigate the threat defendant posed if released, the court failed to identify its reasons as required by the statute, notwithstanding the dissent's claim that it did. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 24 ("While the facts underlying the court's decision may well have been sufficient to deny defendant pretrial release on any combination of nonmonetary conditions, we cannot supply the missing conclusion; the [statute] requires that these matters be addressed by the trial court."). We find a new hearing on the State's petition to deny defendant pretrial release is warranted, at which the court can make the findings required under section 110-6.1(h) of the Code (725 ILCS 5/110-6.1(h) (West 2022)). See *Martin*, 2023 IL App (4th) 230826, ¶ 26.

¶ 22          In reaching our holding, we reject the State's argument that the Third District's decision in *Hodge* supports affirming the judgment of the trial court. In *Hodge*, the trial court entered a written form order denying the defendant pretrial release which contained only checked boxes next to the preprinted reasons for denying pretrial release and did not include any

additional written findings. *Hodge*, 2024 IL App (3d) 230543, ¶ 6. The *Hodge* court rejected the defendant's argument that this form order failed to satisfy the requirements of section 110-6.1(h) that the trial court make written findings. *Id.* ¶¶ 10-12. The *Hodge* court found that, by checking the boxes, the trial court indicated which factors for denying pretrial release it found to be present in that case. *Id.* ¶ 10. The court also found that the transcript of the detention hearing, considered together with the form order, allowed it to fully consider the legal sufficiency of the trial court's decision. *Id.* ¶ 11.

¶ 23     We find *Hodge* to be factually distinguishable from the instant case. In *Hodge*, unlike here, the trial court made oral findings at the hearing that the defendant's continued detention was warranted based on the specific articulable facts of the case—particularly, that the defendant was on parole for a forcible felony at the time of the charged offenses. *Id.* ¶ 6. Also, unlike in the instant case, the form order used by the trial court in *Hodge* indicated that the checked boxes represented the trial court's " 'reasons for concluding that the Defendant should be denied pre-trial release *and* why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case.' " (Emphasis added.) *Id.* In this case, on the other hand, the form order used by the court did not indicate that the boxes checked by the court reflected its reasons for finding less restrictive conditions would not avoid the threat defendant posed to the safety of the community.

¶ 24     As we have found a new hearing is warranted based on the trial court's failure to make the requisite findings as to why less restrictive conditions of pretrial release could not mitigate the threat defendant posed to the safety of the community, we need not address the other issues raised in defendant's notice of appeal.

¶ 25                                    III. CONCLUSION

¶ 26 For the reasons stated, we vacate the trial court's judgment and remand the matter for further proceedings consistent with this order.

¶ 27 Vacated and remanded.

¶ 28 JUSTICE DeARMOND, dissenting:

¶ 29 I respectfully dissent for three simple reasons. First, the issue upon which the case is being decided is the only claim defendant asserted in his supporting memorandum, but he never raised it in his Notice of Appeal. We should find it forfeited. See *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19 ("[W]e must limit our review to the issues fairly raised by a liberal construction of defendant's notice of appeal."); see also *People v. Dallefeld*, 2023 IL App (4th) 230925-U, ¶ 14 (citing *Martin* to find issues not raised in a defendant's notice of appeal are forfeited).

¶ 30 Second, the majority's reading of section 110-6.1(h)(1) of the Code ignores the practical reality that often the offense's nature and seriousness, coupled with the defendant's history, character, and condition, *are* the reasons no combination of conditions of release would mitigate the threat posed by the defendant. The trial court said so here by referencing both the serious nature of the offense and defendant's "criminal history of violent behavior," and including those findings, and more, in its written order.

¶ 31 Third, the trial court entered a written order outlining its findings, as required by the statute. The detention order was very thorough and more than sufficient to meet the statute's requirements.

¶ 32 For these reasons, I respectfully dissent.